USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-24-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                          :
UNITED STATES OF AMERICA
                                          :     07 Cr. 124 (WHP)
         -against-
                                          :     ORDER
JOSEPH OLUIGBO,
              Defendant.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

       The Court received the attached ex parte communication from defendant Joseph Oluigbo on July1 9, 2007 and now forwards it to counsel.

Dated: July 19, 2007
      New York, New York

                             SO ORDERED:

                             _____
                             WILLIAM H. PAULEY III
                             U.S.D.J.

United States District Court
Southern District of New York

---

United States of America         :

            -v-                  :         07 CRIM 0123

Joseph Oluigbo                   :
                                 :
---

JUL 19 2007
CHAMBERS OF
WILLIAM H. PAULEY

Dear Hon. William H. Pauley III

     Defendant in the above captioned case humbly and respectfully requests leave to apprise the court on the circumstances surrounding this case. On February 28, 2007, I, Joseph Oluigbo ("Oluigbo" "Defendant") was arrested by Drug Enforcement Administration (DEA) officials on a presumtious complaint and charged with two counts of conspiracy to import Narcotics into the United States with intent to distribute. Defentant appeared before Magistrate Judge who ordered defendant be detained without bail.

     On June 22, 2007, defendant appeared before this court on a second superseding indictment. This letter is to bring to the attention of this court that:

1. Oluigbo's Procedural and Substantive due process rights has been violated by the government.
2. Oluigbo's arrest, detention and subsequent indictment are without probable cause.
3. DEA Special Agent Jeffery Senn willifully, deliberately, maliciously and with premeditation committed perjury on the complaint he submitted to the Magistrate judge for purpose of influencing the Magistrate's action into issueing order for Oluigbo's arrest.
4. Special agent Jeffrey Senn knowingly and intentionally omitted

materially exculpatory statements from the complaint.

5. The perjurious statements coupled with the omitted material statements impaired Magistrate's and grand jury function.

In limited circumstances, a defendant challenging the veracity of statements in a supporting affidavit [complaint] is entitled to an evidentiary hearing to determine whether the warrant was issued in reliance on a deliberately or recklessly false affidavit. To gain such a hearing, a defendant first must make a substantial preminary showing that the deponent's statements was deliberately false or demonstrated reckless disregard for the truth. see Frank v. Delaware, 438 U.S. 154,165 (1978).

The following false statements were made by agent Senn on the complaint submitted to the Magistrate for the purpose of obtaining order for Oluigbo's arrest.

False statement #1, Paragraph 8c of the complaint.
"... I Believe that, during this conversation, OLUIGBO and CC-1 were discussing OLUIGBO's withdrawal of money to provide Courier #3...."

False statement #2, Paragraph 8f of the complaint.
"... I believe that, during this conversation, OLUIGBO was informing CC-1 that he had met Courier #3 and provided him the money OLUIGBO had withdrawn ealier that day ...."

False statement #3, Paragraph 8g of the complaint.
"... I believe that this reference to "8500" is to $8500 that OLUIGBO had withdrawn from the bank and paid to Courier #3 ...."

The above statements are absolutely false as Oluigbo NEVER met the so called Courier #3 and NEVER provided any fund to him.

It is absolutely impossible for Oluigbo to provide money to someone he NEVER met as claimed by the government.

On september 30th, 2006, Emmanuel Oruche whom I work for at Nicobi Health and Surgical Equipment, Inc., asked me to check at Aziza - an African Resturant in the Bronx - and see if

2

there is any Togolese there. As defendant was unable to find the individual, he notified Oruche that he did not see the person. Consider the following conversation between Oruche and Oluigbo on September 30th, 2006, at 5:14pm:

```
Manny:  Hello
Joe:    It's not him
Manny:  It's not him?
Joe:    No, I asked him and he said no
Manny:  Did the person speak English?
Joe:    Yes
Manny:  Ok, it's not him.
```

The above exchange is the heart of government's case against OLUIGBO. That same evening, Oruche received two calls from Nigeria. During one of those conversations at approximately 7:51:41pm, Oruche informed his contact in Nigeria (CC-2) that the alleged Courier #3 <u>NEVER</u> came to the resturant. Oruche further said "... you speak to him. Ask him if he has eaten. Let him go out to Seven Eleven or somewhere else to buy something to eat. Tell him your agent will see him later..."

   The above conversation indicates that the so-called Courier #3 <u>NEVER</u> went to the resturant and OLUIGBO <u>NEVER</u> met him or provided fund to him. Magistrate Judge issued arrest warrant in reliance on a deliberately or recklessly false complaint and this court must determine whether the perjurious complaint submitted by agent Senn "provided sufficient basis for decision Magistrate made."
<u>U.S. v. Whitner</u>, 219 F.3d 289, 296 (3d cir. 2000). It is basic that arrest "...must stand upon firmer ground than mere suspicion." <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964); see also <u>Wong Sun v. U.S.</u>, 471, 479 (1963). Oluigbo's arrest does not stand upon firmer ground because it was based upon lies from the investigative agent. Information supporting probable cause must be "truthful in the sense that the information put forth is believable or appropriately

3

accepted by the affiant as true. Statements that are knowingly false or exhibits a reckless disregard for the truth must not be used by magistrate to determine probable cause." Frank v. Delawara, supra at 171-72. The Magistrate in this case could not make independent assessment of probable cause because agent's "complaint contain no affirmative allegation that affiant spoke with "personal knowledge of the matters contained therein", did not indicate any source for the complainant's belief and did not set forth any other sufficient basis upon which a finding of probable cause could be made." Illinois v. Gates, 462 U.S. 213 (1983); see also Giordenelle v. U.S., 357 U.S. 480 (1958); Nathanson v. U.S., 290 U.S. 41, 47 (1933) (Magistrate could not make assessment of probable cause because officer affirmed suspicion or belief without disclosure of supporting facts). Agent Senn's misleading statements amounts to arbitrary and purposeless use of authority.
His actions are prejudicial and has caused irrepairable harm to Oluigbo. Allowing this case to continue will amount to a total miscarriage of justice. "A miscarriage of justice exists when the record is devoid of evidence pointing to guilt." U.S. v. Price, 134 F.3d 340, 350 (6th cir. 1998).

    Furthermore, the affidavit (complaint) omitted exculpatory information showing lack of probable cause. This omission of material statements cannot be considered harmless error because those material statements if included on the complaint, would have caused warrant application to be denied. The Magistrate would have been able to separate the wheat from the chaff. If agent Senn's

4

complaint is revised to contain the missing information, it would sufficiently establish lack of probable cause or reasonable suspicion. Surpression of the tainted complaint alone will not meet materiality threshold of Brady violation. The indictment must be dismissed with prejudice because prosecuting Oluigbo for crime he <u>NEVER</u> cimmitted violates "fundamental conceptions of justice." U.S. v. Lavasco, 431 U.S. 783, 789-90 (1977). Courts will dismiss indictments for government's misconduct outside the indictment process on due process grounds when such conduct is so outrageous that it violates "fundamental fairness" or is "shocking to the universal sense of justice." <u>U.S. v. Russell</u>, 411 U.S. 423, 432 (1973). False statements by all means are false statements whether made by the powerless like Oluigbo or by those in authority like agent Senn. Agent Senn's falsity and ability to linking Oluigbo to crime he is not involved with will have substantial and injurious effect on the defendant if the court permits this case to go forward. Fourteenth Amendment due process clauses requires fair trial and there cannot be fair trial in this case when defendant's rights has been violated by those that suppose to protect it. When government conduct outside the indictment process interfer with a constitutionally protected right, the Supreme Court has held that a defendant must show actual prejudice to warrant dismissal of an indictment with prejudice. see id.
Due process clauses of the 5th amendment to the United States constitution provides in relevant part "... no person ... shall be deprived of life, liberty, or property without due process of law." Actual prejudice resulted when arrest warrant was issued against the defendant in reliance of agent's perjurious affidavit [complaint],

5

defendant's subsequent arrest, detention without bail, and the resulting indictment, all based on innocent conversation between Emmanuel Oruche and Oluigbo. Even then an officer may not base reasonable suspicion on isolated or minimal instances of innocent activity. "Probable cause means more than bare suspicion." Mason v. Godinez, 47 F.3d 852, 855 (7th Cir. 1955). Dismissal is warranted to deter a pattern of recurring violations by investigative officers. It is shocking and outrageous conduct when government agents lie under oath to obtain arrest warrant. To charge defendant with committing criminal act, the government must point to specific and articulable facts together with rational inferences drawn from those facts that reasonably suggest criminal activity has occured or is imminent. Terry v. Ohio, 392 U.S. 1, 26 (1968). "Inarticulate hunches or generalized suspicions are insufficient." Ybarra v. Illinois, 444 U.S. 85,92-93 (1975). Inferences and personal interpretations by agent Senn to the Magistrate constituted false information knowingly, intentionally or recklessly included. Federal Rules of Criminal Procedure 4(a) (arrest warrant issued if affidavit shows probable cause to believe that offense committed and defendant committed it). Oluigbo has not committed any crime warranting his arrest and detention, rather a crafty and overzealous agent violated his oath of office by lying under oath and linking defendant to criminal activity he is not involved in. Conclusory statements without factual support are not sufficient to establish probable cause. Also agent Senn incorporated parts of conversation between Oluigbo and Oruche about someone else and used it to bolster his allegation against Oluigbo. This cut and paste allegation must not be allowed to stand.

6

During Oluigbo's initial appearance before the Magistrate the government argued that because defendant has family ties in Nigeria, he is a flight risk and therefore should be denied bail. However, defendant wish to inform this court that he has lived in this country for over twenty five years. He has not travelled out of the United States for over seveteen years. He has been a permanent resident of this country since 1986. He was on immigration release - on his own recognizance - from 1998 to 2004. He never missed court date. Defendant has no history of violence or flight from justice. He is not a danger to the community or to himself. Government's contention that defendant pose risk of flight is without merit because "mere opportunity for flight is not a sufficient ground for pretrial detention." U.S. v. Himler, 797 F.2d 156, 161-62 (3d Cir. 1986); U.S. v. Townsend, 879 F.2d 989, 993-94 (9th Cir.1990) (Courts should rarely detain defendants charged with non capital offenses; doubts regarding propriety of release resolved in favor of defendant).

For reasons stated above, Oluigbo humbly and respectfully prays that this court will dismiss the indictment against him with prejudice because it is the fruit of illegally obtained warrant. Defendant further prays that this court will release him from detention promptly and such other remedies the court may deem just and proper.

Respectfully

BROOKLYN, NEW YORK
Dated: July 13, 2007.

JOSEPH OLUIGBO
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232.

7