DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

August 9, 2007

BY FEDERAL EXPRESS

Jesse Furman, Esq.
Assistant United States Attorney
Office of the United States Attorney
for the Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

**United States v. Joseph Oluigbo, 07 CR 124 (WHP)**

Dear Jesse:

      As you know, we represent Joseph Oluigbo in the above-captioned case.

      First, we write for the purpose of requesting that you voluntarily agree to provide a bill of particulars relating to the allegations against my client. The Superseding Indictment completely lacks adequate detail with respect to Mr. Oluigbo, making it impossible for us to understand the nature and contours of the government's allegations. Indeed, the Superseding Indictment alleges only that our client "directly assisted Oruche and would provide assistance to couriers upon arrival in the United States," and sets forth a single overt act – a telephone conversation with Oruche that allegedly occurred on September 30, 2006. Such minimal allegations are particularly striking given the large volume of wiretap evidence produced by the government, nearly all of which is unrelated to our client.

      Accordingly, pursuant to Fed. R. Cr. Pro. 7(f), *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988), and *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987), we request the following particulars relative to the Superseding Indictment S2 07 Cr. 124 (WHP) (the "Indictment"):

1. State with particularity where, when, and under what circumstances Mr. Oluigbo agreed to join the conspiracy alleged in Counts Three and Four of the Indictment.

2. State with particularity all acts that the government alleges Mr. Oluigbo took in furtherance of the conspiracy.

Jesse Furman, Esq.                              2                              August 9, 2007

3.  State with particularity when, where, and under what circumstances all overt acts, named and unnamed in Counts Three and Four of the Indictment, took place.

4.  Please provide any and all facts supporting the allegation that Mr. Oluigbo "directly assisted [Emmanuel] Oruche and would provide assistance to couriers upon arrival in the United States," found in paragraph 10 of the Indictment.

5.  State the names of all individuals alleged to be part of the alleged conspiracy who are not named in the Indictment.

6.  Please provide all other facts relevant to Mr. Oluigbo's involvement in the alleged conspiracy.

7.  State the wiretap conversations which the government plans to introduce at trial against Mr. Oluigbo.

We also request that the government furnish for Mr. Oluigbo's defense the following materials:

1.  A copy of any documents purporting to provide consent for the search of Mr. Oluigbo's home on February 28, 2007.

2.  The substance of any statements made to government agents or employees by Rebecca Ambo Fomum-Tibah or any other co-defendant concerning Mr. Oluigbo.

3.  All notes taken by government agents or employees during Mr. Oluigbo's interrogation following his arrest.

4.  An opportunity to examine any physical evidence seized from Mr. Oluigbo's apartment and from Mr. Oruche's business.

If you have any questions, please feel free to contact me.

Best regards,

Andrew J. Ceresney
Eric D. Meyer
Gordon Eng
Susan A. McMahon

cc:   Joseph Facciponti

22533510v2