FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| - v. - | ) | |
| | ) | |
| EMMANUEL ORUCHE et al., | ) | |
| | ) | 07 Cr. 0124 (WHP) |
| Defendants. | ) | |
| | ) | |

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOSEPH OLUIGBO'S MOTION FOR A BILL OF PARTICULARS AND TO COMPEL DISCOVERY

Andrew J. Ceresney
Eric D. Meyer
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000

*Counsel for Defendant*
JOSEPH OLUIGBO

Table of Contents

Page

PRELIMINARY STATEMENT ................................................................................1

PROCEDURAL HISTORY...................................................................................1

ARGUMENT ......................................................................................................2

I.    The General and Vague Allegations Against Mr. Oluigbo Necessitate a Bill of
      Particulars .........................................................................................................3

      A.    The Indictment Against Mr. Oluigbo Fails to Adequately Inform Him of
            the Specific Acts of Which He Is Accused. ........................................3

      B.    The Extensive Discovery Warrants a Bill of Particulars. ..................5

      C.    The Court Should Compel the Government to Name Unindicted Co-
            Conspirators. ....................................................................................5

II.   The Government Must Provide Requested Discovery...................................6

      1.    Telephone conversations between defendants Rebecca Ambo
            Fomum-Tibah and Emmanuel Oruche while Ms. Fomum-Tibah
            was incarcerated...............................................................................7

      2.    Transcripts of recorded telephone calls of Chimdi Ibiam and
            Emmanuel Maduka, two defendants in a related case who were
            recently convicted at trial, for the two weeks before and after Ms.
            Fomum-Tibah's arrest date of August 9, 2006. ...............................7

      3.    All notes taken by Government agents or employees during Mr.
            Oluigbo's interrogation following his arrest.....................................8

      4.    The substance of any statements made to Government agents or
            employees by Rebecca Ambo Fomum-Tibah or any other co-
            defendant concerning Mr. Oluigbo...................................................8

III.  Motions Of Co-Defendants.............................................................................9

IV.   Leave To File Further Motions. ......................................................................9

CONCLUSION....................................................................................................9

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Brady v. Maryland*, 373 U.S. 83 (1963) ...........................................................................6

*Bruton v. United States*, 391 U.S. 123 (1968) ...............................................................8

*United States v. Bin Laden*, 92 F. Supp. 2d 225 (S.D.N.Y. 2000)..................................5, 6

*United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) ............................................3, 5

*United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988) ...............................................4

*United States v. Feola*, 651 F. Supp. 1068 (S.D.N.Y. 1987)...........................................3, 6

*United States v. Lino*, 2001 WL. 8356 (S.D.N.Y. Dec. 29, 2000)...................................5, 6

*United States v. Nachamie*, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000) ...........................5, 6

### FEDERAL STATUTES

21 U.S.C. §§ 846.............................................................................................................1

21 U.S.C. § 963..............................................................................................................1

### FEDERAL RULES

Federal Rule of Criminal Procedure 12 ..........................................................................9

Federal Rule of Criminal Procedure 16 ..........................................................................8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

UNITED STATES OF AMERICA,                               :

                                                        :

                        v.                              :

                                                        :    07 Cr. 0124 (WHP)

EMMANUEL ORUCHE, et al.,                                :

                                                        :

                        Defendants.                     :

                                                        :

                                                        :

-------------------------------------------------------- x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOSEPH OLUIGBO'S MOTION FOR A BILL OF PARTICULARS AND TO COMPEL DISCOVERY

## PRELIMINARY STATEMENT

The Government's Superseding Indictment is so vague and lacking in detail as to the allegations against defendant Joseph Oluigbo that a bill of particulars is necessary for Mr. Oluigbo to be advised of the acts of which he is accused. Aside from repeatedly including him at the bottom of the list of members of a conspiracy to import into the United States and distribute heroin in violation of 21 U.S.C. §§ 846 and 963 in two of the five counts, the indictment contains only two vague references to Mr. Oluigbo. This failure to provide detail, including any specific facts underlying the claim that Mr. Oluigbo was involved in the alleged narcotics conspiracy, makes a bill of particulars necessary to allow Mr. Oluigbo to prepare his defense.

## PROCEDURAL HISTORY

Mr. Oluigbo was arrested on a complaint on February 28, 2007. He was added to two counts of a five-count Superseding Indictment on June 12, 2007. Count three charges him and others with conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin, a violation of 21 U.S.C. § 846, and count four charges him and others with conspiracy to import into the United States one kilogram and more of heroin, a violation of 21 U.S.C. § 963.

On August 9, 2007, counsel for Mr. Oluigbo requested a bill of particulars from the Government. The Government refused the request. *See* Letter from Andrew Ceresney to Jesse Furman dated Aug. 9, 2007, attached as Exhibit A to Declaration of Eric Meyer ("Meyer Decl."); Letter from Jesse Furman to Andrew Ceresney dated Aug. 17, 2007, attached as Meyer Decl. Ex. B. Counsel for Mr. Oluigbo have also requested numerous specific items of discovery that the Government has refused to provide. Mr. Oluigbo now asks this Court to compel the Government to produce a bill of particulars and other specific outstanding discovery.

## ARGUMENT

Mr. Oluigbo can only prepare adequately for trial if he knows, with sufficient specificity, the charges against him. The Superseding Indictment does not provide this necessary level of detail. In the course of discovery, the government has produced more than 8,000 pages of linesheets of conversations recorded from the phones of Emmanuel Oruche, which are contained on 7,326 separate audio files on 19 CDs, and more than 2,300 pages of paper discovery, including wiretap applications and items seized from various defendants. These materials are of little help to Mr. Oluigbo in understanding the specific allegations against him, however, because few of those recordings, transcripts, or documents relate to him.

Because Mr. Oluigbo has little information on the substance of the charges against him, and therefore is impaired in preparing his defense, we respectfully request that this Court order the Government to provide a bill of particulars specifying the following information:

- Where, when, and under what circumstances Mr. Oluigbo agreed to join the conspiracy alleged in Counts Three and Four of the indictment.

- All acts that the government alleges Mr. Oluigbo took in furtherance of the conspiracy.

- When, where, and under what circumstances all overt acts, named and unnamed in Counts Three and Four of the Indictment, took place.

2

- Any and all facts supporting the allegation that Mr. Oluigbo "directly assisted [Emmanuel] Oruche and would provide assistance to couriers upon arrival in the United States," as stated in paragraph 10 of the Indictment.

- The names of all individuals alleged to be part of the alleged conspiracy who are not named in the Indictment.

- The wiretap conversations which the government plans to introduce at trial against Mr. Oluigbo.

- All other facts relevant to Mr. Oluigbo's involvement in the alleged conspiracy.

I.  **The General and Vague Allegations Against Mr. Oluigbo Necessitate a Bill of Particulars**

   A.  *The Indictment Against Mr. Oluigbo Fails to Adequately Inform Him of the Specific Acts of Which He Is Accused.*

The 14-page Superseding Indictment repeatedly lists Mr. Oluigbo as the bottom member of a conspiracy and otherwise contains only two specific references to Mr. Oluigbo, which themselves are vague. *See* Indictment 07 CR 124, attached as Meyer Decl. Ex. C.

In particular, the Government alleges vaguely that Mr. Oluigbo "would provide assistance" to drug couriers, but cites no specific acts. The second reference to Mr. Oluigbo is a single overt act allegedly taken by Mr. Oluigbo, a telephone call with his employer, Mr. Oruche, in which the two men allegedly spoke "regarding the arrival of" a co-defendant. Meyer Decl. Ex. C ¶ 14(g), 17(g). The Indictment provides no particulars as to Mr. Oluigbo's alleged agreement to join the conspiracy, any specific acts Mr. Oluigbo performed in furtherance of the conspiracy, or even the details of this single overt act. These sparse allegations are insufficient to allow Mr. Oluigbo to adequately prepare for trial and avoid unfair surprise. *See United States v. Feola*, 651 F. Supp. 1068, 1133 (S.D.N.Y. 1987) (ordering bill of particulars when defendant is named in fewer counts than alleged co-conspirators and particular information as to that defendant has not been provided); *see also United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (ordering a bill of particulars when "the relevance of key events was shrouded in

3

mystery"); *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (granting motion for a

bill of particulars because defendant did not have a fair opportunity to defend against the

allegations).

The minimal allegations against Mr. Oluigbo are particularly striking given the many

thousands of pages of wiretap evidence and other discovery produced by the Government.

Without additional information regarding the charges, Mr. Oluigbo has no ability to determine

"the relevance of key events" that will be necessary for his defense.

While the Government will no doubt point to the Complaint previously filed against Mr.

Oluigbo in this matter to argue he has sufficient information regarding the charges, that

Complaint is also lacking in information sufficient to allow Mr. Oluigbo to prepare his defense.

Meyer Decl. Ex. D.  The Complaint alleges that:

- one unidentified drug courier (an apparent reference to Rebecca Ambo Fomum-Tibah) was arrested at John F. Kennedy Airport with heroin and told investigators that an individual named "Joseph" who worked at Nicobi Health Services was to pick her up from the airport; *Id.* ¶6.

- the Government had been listening to recorded telephone conversations involving an unnamed co-conspirator (an apparent reference to Emmanuel Oruche) and that there were many calls with an individual believed to be Mr. Oluigbo.  (As even the Government indicated in its complaint, Mr. Oruche was Mr. Oluigbo's employer at Nicobi Health Services.  That these two men spoke regularly is not indicative of any criminal activity and fails to provide sufficient information about the allegations at issue.); *Id.* ¶ 7

- four vague conversations allegedly occurred between Mr. Oluigbo and his boss, Mr. Oruche, on a single day, September 30, 2006. *Id.* ¶ 8

The reference to a handful of vague conversations on one day in a conspiracy that

allegedly spanned many months and yielded many thousands of recorded conversations does not

provide sufficient guidance and detail for Mr. Oluigbo to defend against the charges, unless the

charges will be limited to activities on September 30, 2006.

4

B.     *The Extensive Discovery Warrants a Bill of Particulars.*

The Government's production of over 8,000 pages of wiretap transcripts largely unrelated to Mr. Oluigbo supports the need for a bill of particulars regarding Mr. Oluigbo. *Bortnovsky,* 820 F.2d at 574-75 (finding bill of particulars appropriate to provide guidance to defense faced with "mountains of documents"); *United States v. Bin Laden,* 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("[S]ometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars."). Mr. Oluigbo has no knowledge of the vast majority of these recorded conversations and participated in only a handful of them. To allow Mr. Oluigbo to prepare for trial, the Government must provide some guidance to the defendant and identify which wiretaps, among these thousands of pages, it intends to introduce in court. The Government must also provide, sufficiently in advance of trial to allow Mr. Oluigbo to prepare his defense, final transcripts of any recorded conversations that it intends to use at trial.

C.     *The Court Should Compel the Government to Name Unindicted Co-Conspirators.*

Disclosure of the names of unindicted co-conspirators is warranted because of the large number of conspirators, the extent of the alleged conspiracy, the failure of the Government to provide adequate notice of other particulars, and the large volume of pre-trial disclosure. *United States v. Nachamie,* 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000) (setting out factors for consideration in deciding whether to disclose unindicted co-conspirators); *United States v. Lino,* 2001 WL 8356, at *12-13 (S.D.N.Y. Dec. 29, 2000) (Pauley, J.) (ordering bill of particulars disclosing unindicted co-conspirators after considering the *Nachamie* factors).

In this case, eight co-defendants are alleged to have engaged in a drug conspiracy that spanned several continents as well as several cities within the United States. Unsurprisingly, this allegedly extensive conspiracy produced a wide array of telephone calls, many of which are in

Igbo, a Nigerian language. The Government has provided no notice of which of these wiretaps will be used at trial. These factors weigh in favor of compelling the identification of unindicted co-conspirators. *Nachamie*, 91 F. Supp. 2d at 572-73 (compelling disclosure with eight co-defendants, voluminous discovery documents, and inadequate notice of the charges against the defendants).

No countervailing harm weighs against the identification of these co-conspirators. *Nachamie*, 91 F. Supp. 2d at 572-73; *see also Bin Laden*, 92 F. Supp. 2d at 241 (ordering bill of particulars identifying co-conspirators unless the Government showed that disclosure would expose an individual to bodily harm or would compromise the ongoing investigation). There is no indication that the identification of these witnesses will endanger them, and, as the Government's investigation appears to be complete and has been well publicized, no damage will be done to the investigation if these co-conspirators are named.

Courts in this Circuit routinely grant requests for names of unindicted co-conspirators unless compelling circumstances—such as the possibility of witness tampering, which is not present here—dictate otherwise. *See, e.g., Lino*, 2001 WL 8356, at *12 ("Requests for names of unindicted co-conspirators are fairly common and often are granted by district courts."); *Nachamie*, 91 F. Supp. 2d at 572-73; *Feola*, 651 F. Supp. at 1133 ("Specific items which have been held to be properly disclosed by the Government by way of a bill of particulars include . . . the names of all persons the Government will claim to have been co-conspirators.").

## II.    The Government Must Provide Requested Discovery

The Government has refused to produce several specific pieces of evidence that are likely to include exculpatory information and other information useful to the defense. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Feola*, 651 F. Supp. 1068, 1133 (S.D.N.Y. 1987)

(quoting *United States v. Leroy*, 687 F.2d 610, 618 (2d Cir. 1982)) (the "heart of the holding" in

*Brady* was the impermissibility of withholding evidence "favorable to the accused and material

to the determination of guilt."). This evidence includes:

1.    **Telephone conversations between defendants Rebecca Ambo Fomum-Tibah and Emmanuel Oruche while Ms. Fomum-Tibah was incarcerated.**

One of Mr. Oluigbo's co-defendants, Rebecca Fomum-Tibah, was arrested several

months prior to the arrest of Mr. Oruche and Mr. Oluigbo. Mr. Oluigbo understands that Mr.

Oruche spoke with Ms. Fomum-Tibah while she was incarcerated, and that these conversations

may include discussions of this case and Mr. Oluigbo's lack of involvement in it. Because these

discussions may reveal Mr. Oluigbo's lack of involvement in the conspiracy, or otherwise supply

evidence useful to Mr. Oluigbo, they should be produced.

2.    **Transcripts of recorded telephone calls of Chimdi Ibiam and Emmanuel Maduka, two defendants in a related case who were recently convicted at trial, for the two weeks before and after Ms. Fomum-Tibah's arrest date of August 9, 2006.**

Chimdi Ibiam and Emmauel Maduka are two individuals who were recently convicted

after trial in the Southern District of New York of conspiracy to import heroin into the United

States and conspiracy to distribute heroin. In discovery in the present case, the Government has

produced wiretap applications for Oruche's phones that refer to Oruche and Ibiam together as

"target subjects" in the same conspiracy. *See* Meyer Decl. Exhibit E. This alone should entitle

Mr. Oluigbo to the recordings in which Mr. Ibiam and Mr. Maduka are involved, since they may

bear on the conspiracy alleged in this case.

Beyond that, Mr. Oluigbo has a specific need for these tapes. According to the

Complaint, Ms. Fomum-Tibah, who appears to be the unidentified Courier #2 in the Complaint

against Mr. Oluigbo, reportedly told federal investigators when she was arrested at JFK on August 9, 2006 that an individual named "Joseph" was to pick her up at the airport upon her arrival in New York.  Meyer Decl. Ex. D.  While this statement, if it was made, is inadmissible hearsay, and inadmissible against Oluigbo under *Bruton v. United States*, 391 U.S. 123 (1968) (confession of defendant implicating co-defendant cannot be admitted at trial of co-defendant), the Government may still attempt to argue that Mr. Oluigbo was involved in this pickup.   The recorded conversations of Mr. Ibiam and Mr. Maduka from two weeks before to two weeks after Ms. Fomum-Tibah's arrest on August 9, 2006 at JFK International Airport may bear upon the identity of the person scheduled to pick up Ms. Fomum-Tibah.  As alleged co-conspirators of Mr. Oruche, there is reason to believe they were apprised of these arrangements.

3.      **All evidence regarding any statements made to Government agents or employees during Mr. Oluigbo's interrogation following his arrest and any other evidence regarding any such statements.**

Under Federal Rule of Criminal Procedure 16, the Government is obligated to provide evidence of any statements made to Government agents or employees in whatever form they exist.  Therefore, any notes taken by agents documenting or relating to Mr. Oluigbo's statements to Government officials must be disclosed.

4.      **The substance of any statements made to Government agents or employees by Rebecca Ambo Fomum-Tibah or any other co-defendant concerning Mr. Oluigbo.**

In order to allow Mr. Oluigbo to determine whether the statements of his co-defendants may present any *Bruton* issues, Mr. Oluigbo needs to have access to their statements made to government agents which the government intends to offer at trial.

8

**III.    Motions Of Co-Defendants.**

Mr. Oluigbo joins in the arguments and requests for relief submitted on behalf of the moving co-defendants, to the extent those motions are relevant and applicable to Mr. Oluigbo, as if they were fully set forth herein.

**IV.    Leave To File Further Motions.**

Mr. Oluigbo requests leave to file any further motions before trial should the need arise pursuant to Federal Rule of Criminal Procedure 12.

## CONCLUSION

For the foregoing reasons, Mr. Oluigbo respectfully requests that this Court grant his motion to provide a bill of particulars and the various discovery requested, and whatever other relief the Court deems proper.

Dated: New York, New York
   October 31, 2007

               Respectfully submitted,

               /S/  Eric D. Meyer
               Andrew J. Ceresney
               Eric D. Meyer
               Debevoise & Plimpton LLP
               919 Third Avenue
               New York, NY 10022
               (212) 909-6000

               *Counsel for Defendant Joseph Oluigbo*

               Susan A. McMahon
               Debevoise & Plimpton LLP
               919 Third Avenue
               New York, NY 10022
               (212) 909-6000

               *Of Counsel for Defendant Joseph Oluigbo*

9

CERTIFICATE OF SERVICE

I, Eric D. Meyer, a member of the Bar of the State of New York and this Court,

certify that on October 31, 2007, I caused a copy of the foregoing (i) Notice of Motion of

Defendant Joseph Oluigbo for Bill of Particulars and to Compel Discovery; (ii)

Memorandum of Law in Support of Motion of Defendant Joseph Oluigbo for Bill of

Particulars and to Compel Discovery and (iii) Declaration of Eric D. Meyer in Support of

Motion for Bill of Particulars and to Compel Discovery to be served by first-class mail

upon:

Joseph Facciponti, Esq.
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

Annemarie Hassett, Esq.
Goodwin Procter LLP
599 Lexington Ave.
New York, NY 10022

Jeremy Leonard Gutman, Esq.
251 E. 61st St.
New York, NY 10021

Jesse M. Siegel, Esq.
Law Office of Jesse M. Siegel
251 E. 61st St.
New York, NY 10021

I declare under penalty of perjury, under the laws of the United States of America,

that the foregoing is true and correct.

Executed on October 31, 2007 at New York, New York.

/S/ Eric D. Meyer
Eric D. Meyer