UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| - v. - ) | **FILED ELECTRONICALLY** |
| ) | |
| EMMANUEL ORUCHE et al., ) | |
| ) | 07 Cr. 0124 (WHP) |
| Defendants. ) | |
| ) | |

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
JOSEPH OLUIGBO'S MOTION FOR A BILL OF PARTICULARS AND TO
COMPEL DISCOVERY

Andrew J. Ceresney
Eric D. Meyer
Susan A. McMahon
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000

*Counsel for Defendant*
JOSEPH OLUIGBO

Defendant Joseph Oluigbo submits this reply memorandum of law in further support of his motion for a bill of particulars and to compel discovery.

## ARGUMENT

### I. A Bill of Particulars Is Necessary for Mr. Oluigbo to Adequately Prepare His Defense

The Government wrongly argues that in seeking a bill of particulars, Mr. Oluigbo is asking for a preview of their case against him, Government Brief at 63, when in fact he seeks to understand only "the relevance of key events" as they relate to the charges against him. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). The allegations in the complaint of vague conversations that took place on a single day and an alleged drug courier's supposed mention that an individual named "Joseph" was to pick her up at the airport do not provide Mr. Oluigbo with the kind of particularity that would allow him to defend against a conspiracy that allegedly spanned many months and four continents. The extensive discovery provided in this case, much of it in foreign languages, sheds no light on the Government's charges against him because so little of it pertains to Mr. Oluigbo, and only heightens the need for a bill of particulars. In addition, the Government's unsupported claims that an ongoing investigation will be harmed by the disclosure of unindicted co-conspirators are outweighed by the necessity of informing Mr. Oluigbo of the full extent of the conspiracy with which he is charged, and are belied by the Government's press release touting the arrest of several of the defendants in this matter.

    A. <u>The Complaint and Indictment Do Not Provide Sufficient Detail</u>

The Government does not deny that the indictment in this case mentions Mr. Oluigbo in a single overt act, and provides no detail on his role in the conspiracy. Instead, it argues that the

complaint filed against Mr. Oluigbo "goes into great details *about two different drug couriers that Oluigbo was supposed to meet and/or pay*." Govt. Brief at 61 (emphasis added). But the claimed "great detail[]" the Government claims appears in the complaint can be categorized into three groups of vague communications involving two alleged incidents. The Government alleged in its complaint that:

1. Alleged drug courier Rebecca Ambo Fomum-Tibah said an individual named "Joseph" was supposed to pick her up at the airport on August 9, 2006. (In its brief, the Government incorrectly states that Ms. Fomum-Tibah said that "Oluigbo" was supposed to pick her up, thereby drawing a conclusion that is nowhere in the complaint. Government Brief at 61.)

2. Four conversations between Mr. Oluigbo and his employer, Mr. Oruche, occurred on September 30, 2006, all allegedly concerning "Oluigbo's meeting with Jemy [a courier] and his payment of money to Jemy." Government Brief at 61.

3. Additional calls between Mr. Oruche and an unidentified man occurred in October and November 2006, allegedly concerning Mr. Oluigbo's alleged payment to Jemy. Mr. Oluigbo did not participate in these calls and is not mentioned in them.

Nevertheless, in the indictment, the Government alleged that this conspiracy spanned at least five months and many countries. Indictment 07 CR 124, Meyer Decl. Ex. C, ¶ 9, 4, 17.[1] To the extent that the Government's case is limited to the allegations in the complaint, we have now received adequate notice of those allegations. But to the extent that the Government intends to allege broader involvement by Mr. Oluigbo in the conspiracy, the vague allegations contained in the complaint and the indictment will not allow Mr. Oluigbo to adequately prepare to defend against charges. *See United States v. Feola*, 651 F. Supp. 1068, 1133 (S.D.N.Y. 1987) (ordering

---

[1] The Declaration of Eric Meyer ("Meyer Decl.") accompanied the Memorandum of Law in Support of Defendant Joseph Oluigbo's Motion for a Bill of Particulars and to Compel Discovery ("Oluigbo Br.").

2

bill of particulars when defendant is named in fewer counts than alleged co-conspirators and particular information as to that defendant has not been provided).

The scope of discovery produced to date in this case only heightens the need for a bill of particulars. Since Mr. Oluigbo filed his original motion for a bill of particulars, the Government has provided defense counsel with over 2,000 additional pages of documents seized from Nicobi Healthcare Services, the store where Mr. Oluigbo worked for his employer, Mr. Oruche. The Government has also provided – though to date only in unreadable format – more than 30 DVDs containing the contents of computer hard drives that were seized from the Nicobi store. All of these documents are in addition to the more than 8,000 pages of wiretap linesheets of conversations recorded from three telephone numbers belonging to Mr. Oruche that were previously provided by the Government.

Courts have recognized that such a multitude of discovery justifies a bill of particulars. *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("[S]ometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars."). The Government alleges that the complaint and indictment are "further illuminated" by the discovery provided, Government Brief at 62, but the mountains of papers and electronic documents have instead obscured the case against him because such a small amount of the materials relate to him. Mr. Oluigbo simply cannot determine the facts underlying the charges against him by sifting through thousands of documents that are related only to his co-defendants. Without a bill of particulars identifying the specific acts and events that implicate him in the conspiracy, Mr. Oluigbo will not be able to adequately utilize these documents in his preparation for trial.

In short, to adequately prepare for trial and defend against the pending charges, Mr. Oluigbo must be made aware of any activities, beyond those alleged in the complaint, that the

3

Government intends to identify as part of the conspiracy. *See United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (holding bill of particulars necessary when defendant did not have fair opportunity to defend against allegations of extortion not made prior to trial).

> B. <u>The Names of Unindicted Co-Conspirators Are Necessary to Mr. Oluigbo's Defense.</u>

The large number of alleged conspirators, the extent of the alleged conspiracy, the failure of the Government to provide adequate notice of other particulars, and the large volume of pre-trial disclosure all weigh in favor of the identification of unindicted co-conspirators. *United States v. Nachamie*, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000) (setting out factors for consideration in deciding whether to disclose unindicted co-conspirators); *United States v. Lino*, No. 00 Cr. 632, 2001 WL 8356 at *12-13 (S.D.N.Y. Dec. 29, 2000) (Pauley, J.) (ordering bill of particulars disclosing unindicted co-conspirators after considering the *Nachamie* factors).

The Government's only objection to the identification of unindicted co-conspirators is that "such identifications will threaten [ongoing] investigations." Government Brief at 64. The Government's argument is not credible given the press release it issued touting the arrests of Mr. Oruche and Mr. Oluigbo, and the resulting press coverage surrounding these arrests. <u>See</u> Press Release, "U.S. Announces Charges Against Importers and Distributors of South Asian Heroin," February 28, 2007, attached as Exhibit A to Supplemental Declaration of Eric D. Meyer ("Meyer Supp. Decl."); New York Sun, Officials Raid Heroin Ring That Supplied New York," March 1, 2007 (Meyer Supp. Decl. Ex. B). Moreover, Mr. Oruche, the supposed leader of the conspiracy, has been in custody for nearly one year. By now, any co-conspirators would surely be aware that Mr. Oruche, Mr. Oluigbo, and their co-defendants have been arrested. Moreover, surely the identity of these alleged co-conspirators will become clear at trial in the near future. The identities of those who allegedly conspired with Mr. Oluigbo must be provided to give clarity to

4

the conspiracy Mr. Oluigbo is alleged to have joined.  The Government's refusal to identify unindicted co-conspirators does more harm to the rights of the defendants preparing for trial than disclosure of those names could now do to any ongoing investigation.

**II. The Government Is Obligated to Disclose Certain Discovery Materials**

    A. <u>Rebecca Ambo Fomum-Tibah's Prison Phone Calls Are Material Statements of Alleged Co-conspirators.</u>

The Government should produce any recordings it has of prison phone calls between co-defendants Rebecca Ambo Fomum-Tibah and Emmanuel Oruche.  These conversations between Mr. Oruche and the imprisoned Ms. Fomum-Tibah are likely to include discussions of the alleged activities in this case.  These recordings thus fall within the Rule 16 disclosure requirements and should be produced.  Fed. R. Crim. P. 16(a)(1)(E).  Moreover, the calls necessarily occurred during the time period of the alleged conspiracy and are statements of and between Mr. Oluigbo's alleged co-conspirators.  In that respect, these recorded conversations are no different from the thousands of recorded conversations between Mr. Oluigbo's alleged co-conspirators that the Government has already produced, and Mr. Oluigbo is entitled to them.  The Government has acknowledged that it possesses these recordings.  <u>See</u> Government Br. at 27 (describing "recorded prison calls" between Ms. Fomum-Tibah and Mr. Oruche as involving narcotics-related conversations) and Ex. 2 to Government Brief, at ¶21 (noting possession of all telephone calls made by Ms. Fomum-Tibah while incarcerated at the Metropolitan Detention Center, and quoting from calls between Ms. Fomum-Tibah and Mr. Oruche).  Mr. Oluigbo is entitled to these recordings just as he is entitled to any other telephonic conversations of his alleged co-conspirators.

These recorded calls are also likely to contain exculpatory information.  *United States v. Ramirez*, 54 F. Supp. 2d 25, 33 (D.D.C. 1999) ("To the extent that anyone affirmatively has said

5

that a particular defendant was *not* a member of the conspiracy, that information must be provided under *Brady*.") (emphasis in original). The Government's statement that it is "not currently aware" of any *Brady* material, Government Brief at 50, is insufficient without a representation that it has reviewed and translated every word of every conversation. Any doubtful questions of whether material is exculpatory should be resolved in favor of disclosure. *United States v. Agurs*, 427 U.S. 97, 108 (1976) ("the prudent prosecutor will resolve doubtful questions in favor of disclosure."). There is simply no conceivable reason why the production of these tapes would prejudice the Government or why Mr. Oluigbo should be deprived of the right to review the discussions between his alleged co-conspirators during the course of the conspiracy.

      B. <u>Any Statements of Co-Defendants Should Be Disclosed Under *Bruton v. United States*.</u>

Mr. Oluigbo is entitled under the holding of *Bruton v. United States*, 391 U.S. 123 (1968), to any statements of his co-defendants that the Government plans to introduce at trial. The Government's response -- that it will address any *Bruton* issues in an *in limine* motion -- is insufficient. Mr. Oluigbo should receive these statements now, as they may be a focal point of the case against him and his defense, and he must be permitted to consider the *Bruton* issues that might arise from them.

## **CONCLUSION**

For the foregoing reasons, Mr. Oluigbo respectfully requests that this Court grant his motion to provide a bill of particulars and the various discovery requested, and whatever other relief the Court deems proper.

Dated: New York, New York
         January 18, 2008

                                        Respectfully submitted,


                                         /s/ Andrew J. Ceresney
                                        Andrew J. Ceresney
                                        Eric D. Meyer
                                        Susan A. McMahon
                                        Debevoise & Plimpton LLP
                                        919 Third Avenue
                                        New York, NY 10022
                                        (212) 909-6000

                                        *Counsel for Defendant Joseph Oluigbo*

# CERTIFICATE OF SERVICE

I, Gordon Eng, a member of the Bar of the State of New York and this Court, certify that on January 18, 2008, I caused a copy of the foregoing (i) Reply Memorandum of Law in Further Support of Defendant Joseph Oluigbo's Motion For A Bill of Particulars and to Compel Discovery and (ii) Supplemental Declaration of Eric D. Meyer in Further Support of Defendant Joseph Oluigbo's Motion For A Bill of Particulars and to Compel Discovery, to be served by first-class mail upon:

Michael Rosensaft,
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

Annmarie Hassett, Esq.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Jeremy Leonard Gutman, Esq.
251 E. 61st St.
New York, NY 10021

Martin R. Stolar, Esq.
351 Broadway
New York, NY 10013-3902

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on January 18, 2008 at New York, New York.

/S/ Gordon Eng
Gordon Eng