UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| - v. - | ) | **FILED ELECTRONICALLY** |
| | ) | |
| EMMANUEL ORUCHE et al., | ) | |
| | ) | 07 Cr. 0124 (WHP) |
| Defendants. | ) | |
| | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOSEPH OLUIGBO'S
MOTION FOR SEVERANCE FROM CO-DEFENDANTS FOR TRIAL

**PRELIMINARY STATEMENT**

The three-month adjournment of defendant Joseph Oluigbo's trial to allow his co-defendant Emmanuel Oruche to change counsel so close to the scheduled trial date unfairly compromises the speedy trial rights of Mr. Oluigbo, who remains in custody pending trial. Mr. Oluigbo therefore moves to be severed from his co-defendants for trial and to proceed to trial on the long-scheduled March 3, 2008 date. Mr. Oluigbo has been in custody since his arrest on February 28, 2007, at immeasurable disruption to not only him but his family, especially his new wife. Mr. Oluigbo has been preparing to defend against the pending charges in anticipation of the March 3 trial date since it was scheduled on September 4, 2007, and he is prepared to proceed to trial on March 3, 2008.[1] The prospect of continued incarceration for an additional

---

[1] Although Mr. Oluigbo has been diligently preparing for trial and will be ready to proceed on March 3, 2008, he continues to await receipt of several potentially voluminous categories of discovery that the Government has agreed to provide but not yet produced. These items, which are essential to Mr. Oluigbo's preparations for trial, include: (i) access to or the contents of the computers seized from the Nicobi Health Services store where Mr. Oluigbo worked – which the Government has to date provided only in an unreadable format despite repeated requests from defense counsel; (ii) linesheets and recordings of telephone

three months before he can defend himself against these charges just to accommodate a co-defendant's 11th-hour disagreement with counsel manifests a compelling prejudice to his speedy trial rights that warrants severance.

The potential prejudice to Mr. Oluigbo resulting from a joint trial with Mr. Oruche further supports severance. The bulk of the discovery produced to date in this matter consists of wiretap recordings of thousands of conversations from three different phones registered to Emmanuel Oruche, whom the Government asserts to be the central figure in the alleged conspiracy. Mr. Oluigbo is a participant in only a handful of these calls with Mr. Oruche, who was Mr. Oluigbo's employer at a medical supplies store. The disproportionate evidence against Mr. Oruche has the potential to severely prejudice Mr. Oluigbo, particularly given their employment relationship and joint nationality. A severance would prevent this spillover effect.

**PROCEDURAL HISTORY**

Mr. Oluigbo was arrested on a complaint on February 28, 2007 and has been held in custody since then. On June 12, 2007, he was added to two counts of a five-count Superseding Indictment. See Exhibit 1 to Declaration of Gordon Eng. Count three charges him and others with conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin, a violation of 21 U.S.C. § 846, and count four charges him and others with conspiracy to import into the United States one kilogram and more of heroin, a violation of 21 U.S.C. § 963. The indictment describes Mr. Oluigbo's role in the alleged conspiracy as assisting Mr. Oruche

---

conversations from Chimdi Ibiam and Emmanuel Maduka, which the Government agreed to provide in its opposition brief filed January 4, 2008; and (iii) translated transcripts of selected telephone recordings, which the Government agreed on December 5, 2007 to provide to defense counsel. Mr. Oluigbo also respectfully requests that the Court facilitate production of all materials subject to disclosure under 18 U.S.C. § 3500 at least two weeks before trial, particularly given the anticipated relatively short length of the trial.

and others, but cites only one overt act, and the complaint alleges only two distinct acts by Mr. Oluigbo.

At a status conference on September 4, 2007 the Court, in consultation with all counsel, scheduled a trial date of March 3, 2008. At that conference the Court denied another co-defendant's request for additional time given the volume of discovery, noting that further delay was unwarranted. At a status conference on January 9, 2008, co-defendant Mr. Oruche requested a change of counsel, indicating that he could no longer work with his appointed counsel. The Court granted his request and appointed new counsel. Recognizing the voluminous quantity of discovery against Mr. Oruche and that Mr. Oruche appears to be the central figure in the alleged conspiracy, the Court postponed the trial date to June 9, 2008 to allow new counsel time to prepare.

At the January 9 conference, counsel for Mr. Oluigbo reserved objection to the new trial date pending an opportunity to confer with Mr. Oluigbo. Mr. Oluigbo now asserts his speedy trial rights and moves the Court to grant severance from his co-defendants in order to proceed to trial on March 3 as originally scheduled.

## ARGUMENT

The Sixth Amendment to the United States Constitution and the Speedy Trial Act, 18 U.S.C. § 3161, guarantee a criminal defendant a right to a speedy trial. Rule 14(a) of the Federal Rules of Criminal Procedure ("Rule 14") provides in relevant part: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant … , the court may … sever the defendants' trials, or provide any other relief that justice requires." Here, the undue delay of Mr. Oluigbo's trial while he remains in custody so that a co-defendant may change counsel and have

3

additional time to review the voluminous discovery involving that co-defendant presents sufficient prejudice to Mr. Oluigbo's speedy trial rights to warrant a severance.

Courts in this district and elsewhere have exercised their discretion to grant a severance pursuant to Rule 14[2] when faced with an undue trial delay for one defendant because of the lengthier preparation time needed by a co-defendant. For example, in *United States v. Byrd*, 466 F. Supp. 2d 550, 553-54 (S.D.N.Y. 2006) (Rakoff, J.), the court granted a defendant's motion for severance because otherwise he would be forced to remain in custody for several months awaiting trial because of the Government's internal deliberations about whether to seek the death penalty against his co-defendants. In granting severance, the *Byrd* court reasoned that "such a delay is unreasonable and totally at variance with the fundamental purposes of the Speedy Trial Act" where, as here, the defendant had pleaded not guilty, was being detained without bail, and had expressly invoked his Speedy Trial rights. *Byrd*, 466 F. Supp. 2d at 553.

Undue delay before trial for one defendant to accommodate considerations unique to a co-defendant can override the general preference to try jointly-indicted defendants together. The Supreme Court has stated that Rule 14 is "designed to promote economy and efficiency and to avoid multiplicity of trials *so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial*." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (emphasis added).

Courts have recognized that "there are limits to the risks a co-defendant must endure" in the interests of judicial economy and efficiency. *United States v. Gallo*, 668 F. Supp. 736, 753 (E.D.N.Y. 1987). In *Gallo*, the court severed a defendant who was in the midst of a trial on

---

[2] "Motions to sever are committed to the sound discretion of the trial judge." *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989).

4

separate charges to avoid delaying the trial of co-defendants an additional several months. *Gallo*, 668 F.Supp. at 760. The court stated that without a severance, the co-defendants would still be awaiting trial more than fourteen months after their indictment. *Id*. The court in *Gallo* also noted that "where the evidence against the 'minor' defendants is so little or so vastly disproportionate in comparison to that admitted against the remainder of the defendants, the likelihood of spillover prejudice is greatly enhanced." *Id.* at 750 (internal citations omitted).

Because of the additional months of delay due to circumstances relating only to his co-defendant, Mr. Oluigbo will have been held without bail for more than 15 months before trial begins on the new date of June 9. Under these circumstances, other district courts have granted severance, citing the danger of prejudice to co-defendants arising from trial delays beyond their control because of co-defendant's unique circumstances justifying a trial extension. *See United States v. Poulsen*, No. CR2-06-129, 2008 WL 77745, at *3, (S.D. Ohio January 4, 2008) (granting severance to defendant who requested additional time to prepare for trial in part so that co-defendants would not be prejudiced by undue delay, especially "where that delay would be a matter of months, and not weeks or days…simply to avoid the inconvenience of multiple trials.").

Even before the Court set the March 3 trial date in early September 2007, Mr. Oluigbo has been diligently preparing for trial: listening to wiretaps, reading hundreds of pages of linesheets and meeting with counsel. Mr. Oluigbo and counsel have given the Court every indication of being prepared to proceed on that date, including filing timely motions on the date scheduled by the Court and conditioning consent to co-defendants' subsequent requests for additional time for motions on an agreement not to seek an adjournment of the trial date. See Ex. 2 (Letter dated November 29, 2007 from Jesse M. Siegel to Judge William H. Pauley III advising

the Court that counsel to Mr. Oluigbo does not oppose co-defendants' request for extension of time to submit motions so long as it can be accommodated without changing the trial date). By contrast, the Government's discovery has been delayed as we await production of, among other items, the computers seized from the business at which Messrs. Oluigbo and Oruche worked, and draft transcripts of the taped conversations — critical discovery for Mr. Oluigbo. The enormous psychological, physical, and emotional burdens of continuous incarceration without proof of guilt have taken a toll on Mr. Oluigbo and his family, particularly his new wife. Only the hope of a quick end to his ordeal has kept the family together. The certain prospect of several more months of continued incarceration without trial merely to accommodate a co-defendant's dilatory change of heart in his appointed counsel constitutes a compelling prejudice to Mr. Oluigbo's speedy trial rights.

       The discovery produced to date appears largely directed toward Mr. Oluigbo's co-defendants. This disparity of evidence is a factor for the Court to weigh in granting Mr. Oluigbo's motion for severance. The vast majority of the wiretap evidence comes from Mr. Oruche's phones and consists of conversations involving Mr. Oruche in which Mr. Oluigbo was not a participant. The Supreme Court has recognized that "evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant is guilty." *Zafiro*, 506 U.S. at 539. The voluminous evidence against Mr. Oruche, together with Mr. Oluigbo's status as an employee in Mr. Oruche's medical supply store, their common nationality, culture and language, even their similarity of appearance, all combine to pose a serious risk of "spillover" prejudicing Mr. Oluigbo. Further, as the *Gallo* court noted, in certain circumstances, counter-balancing efficiencies of separate trials are persuasive factors in granting severance. *Gallo*, 668 F.Supp. at 753 ("In particular, we question the traditional assumption that

6

denial of severance in cases such as this promotes efficiency."). Because of the voluminous wiretaps, linesheets, foreign language translations, and computer hard drives – all pertaining primarily to Mr. Oruche – that constitute the evidence here, a separate and earlier trial date for Mr. Oluigbo carries the potential for a shorter, more focused trial, less disruption of employment and home life for jurors, protection of Mr. Oluigbo's right to a speedy trial, and fewer sidebars, continuances, and adjournments. *Id*. at 754-57. Finally, the argument that the Government may be prejudiced by having to try its case twice, as Judge Rakoff has recently observed, "proves too much, since it would follow that no severance would ever be granted." *Byrd*, 466 F. Supp. 2d at 553.

## CONCLUSION

For the reasons stated above, defendant Joseph Oluigbo respectfully requests that this Court grant his motion for severance from his co-defendants so he may proceed to trial on March 3, 2008 as previously scheduled.

Dated: New York, New York
January 22, 2008

Respectfully submitted,

/S/ Andrew J. Ceresney
Andrew J. Ceresney
Eric D. Meyer
Gordon Eng
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000

*Counsel for Defendant Joseph Oluigbo*

## CERTIFICATE OF SERVICE

I, Gordon Eng, a member of the Bar of the State of New York and this Court, certify that on January 22, 2008, I caused a copy of the foregoing (i) Notice of Defendant Joseph Oluigbo's Motion For Severance From Co-Defendants For Trial; (ii) Memorandum of Law in Support of Defendant Joseph Oluigbo's Motion For Severance From Co-Defendants For Trial; and (iii) Declaration of Gordon Eng in Support of Defendant Joseph Oluigbo's Motion For Severance From Co-Defendants For Trial, to be served by first-class mail upon:

Michael Rosensaft,  
United States Attorney's Office  
Southern District of New York  
One St. Andrew's Plaza  
New York, NY 10007

Annmarie Hassett, Esq.  
Goodwin Procter LLP  
599 Lexington Avenue  
New York, NY 10022

Jeremy Leonard Gutman, Esq.  
251 E. 61st St.  
New York, NY 10021

Martin R. Stolar, Esq.  
351 Broadway  
New York, NY 10013-3902

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on January 22, 2008 at New York, New York.

/S/ Gordon Eng\_\_\_  
Gordon Eng

22653439v1