```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            :

     -against-                      :
                                            S2 07 Cr. 124 (WHP)
EMMANUEL ORUCHE, et al.,            :

          Defendants.               :

- - - - - - - - - - - - - - - - - -X
```

**MEMORANDUM OF LAW RESPONDING TO DEFENDANTS OLUIGBO'S
MOTION FOR SEVERANCE**

 

**MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
    of America**

**JOSEPH P. FACCIPONTI
MICHAEL M. ROSENSAFT
Assistant United States Attorneys**

   - Of Counsel -

**TABLE OF CONTENTS**

Preliminary Statement.. . . . . . . . . . . . . . . . . . . . . . . 1

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    Oluigbo's Motion For Severance Should Be Denied. . . . . . 3

      A.    General Standard For Severance. . . . . . . . . . . . . 3

      B.    The Minimal Delay Caused By Defendant Oruche's
           Appointment Of New Counsel Is Not An Appropriate
           Basis For Severance.. . . . . . . . . . . . . . . . . . 5

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF AUTHORITIES**

**Statutes and Regulations**                                                       **Page**

F. R. Crim. P. 14.. . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3161. . . . . . . . . . . . . . . . . . . . . 2, 6-8, 10-11


**Cases**

Richardson v. Marsh, 481 U.S. 200 (1987). . . . . . . . . . . . . 4

United States v. Borelli, 435 F.2d 500 (2d Cir. 1970).. . . . . . 4

United States v. Byrd, 466 F. Supp. 2d 550 (S.D.N.Y. 2006). . 8-9

United States v. Casamento, 887 F.2d 1141 (2d Cir. 1989). .  4, 5

United States v. Feliciano, Jr.,
2002 WL 575662 (S.D.N.Y. Apr. 16, 2002).. . . . . . . . . . . . . 4

United States v. Friedman, 854 F.2d 535 (2d Cir. 1988). . . . . . 5

United States v. Gallo, 668 F. Supp. 736 (E.D.N.Y. 1987). . . 8-9

United States v. Gambino,
784 F. Supp. 129 (S.D.N.Y. 1992). . . . . . . . . . . . . . . 1, 6-8

United States v. Gutierrez,
2007 WL 4302812 (E.D. Pa. Dec. 6, 2007).. . . . . . . . . . . . 10

United States v. Lyles, 593 F.2d 182 (2d Cir. 1979).. . . . . . . 4

United States v. Pena, 793 F. 2d 486 (2d Cir. 1986).. . . . .  1, 8

United States v. Piteo, 726 F.2d 50 (2d Cir. 1983). . . . . . . . 7

United States v. Poulsen,
No. Cr2-06-129, 2008 WL 77745 (S.D. Ohio Jan. 4, 2008). . . . 8-9

United States v. Rosa, 11 F.3d 315 (2d Cir. 1993). . . . . . . . 5

United States v. Torres, 901 F.2d 205 (2d Cir. 1990). . . . . . . 5

United States v. Ventura, 724 F.2d 305 (2d Cir. 1983).. . . . . . 4

**PRELIMINARY STATEMENT**

Defendant Joseph Oluigbo moves to sever his case from co-defendants due to the "unfair compromise" of his Speedy Trial rights as a result of the three-month adjournment of his trial caused by co-defendant Emmanuel Oruche's obtainment of new counsel.  As discussed below, the Speedy Trial Act specifically provides for the exclusion of time due to such an adjournment, and the purpose of that section "is to make sure that [it] does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to speedy trial dismissal under 18 U.S.C. § 3161."  United States v. Gambino, 784 F. Supp. 129 (S.D.N.Y. 1992) (quoting United States v. Pena, 793 F. 2d 486, 489 (2d Cir. 1986)).  Thus, a three-month adjournment of the trial date, weighed against the interests of judicial economy, the burden imposed on witnesses if the same case was tried twice, and the need to pick two separate jury panels for successive, substantially identical trials, does not create such severe prejudice that a "miscarriage of justice" would occur but for a severance, and Oluigbo's motion should be denied.

**BACKGROUND**

On February 28, 2007, Oluigbo was arrested on a complaint and charged with conspiracy to import and conspiracy to distribute and possess with the intent to distribute a controlled substance, namely heroin, in violation of 18 U.S.C. §§ 846 and

963.  On March 30, April 30, and May 30, 2007, Oluigbo consented to continuances of the time within which an indictment or information would have to be filed.  Thereafter, on June 12, 2007, a five-count Indictment was filed against defendants Emmanuel Oruche, Joseph Oluigbo, Paul Osuji, and Rebecca Fomum-Tibah.  Of those counts, Counts Three and Four charged Oruche, Fomum-Tibah, and Oluigbo, among others, with violating the narcotics laws of the United States in 2006, by distributing and possessing with the intent to distribute and by importing one kilogram or more of heroin, in violation of Title 21, United States Code, Section 846.  On that same date, Oluigbo filed a motion to dismiss the indictment, which, although later withdrawn,[1] tolled the Speedy Trial Clock seventy-six days pursuant to 18 U.S.C. § 3161(h)(1)(F) (period of delay resulting from any pretrial motion from filing of motion through hearing or prompt disposition of motion is excluded).[2]

On September 4, 2007, Your Honor set a formal schedule for pretrial motions and a trial date for March 3, 2008.  With the consent of Oluigbo, time was subsequently excluded pursuant to the Speedy Trial Act through January 18, 2008, the hearing date for the pretrial motions.  However, on January 2, 2008, defendant

---

[1]  The motion was withdrawn by defense counsel on August 27, 2007.

[2]  It should be noted that codefendants also consented to the exclusion of time during this period.

Emmanuel Oruche sent a letter to the Court, petitioning the Court for new counsel. At a conference before Your Honor on January 9, 2008, Oruche's petition for new counsel was granted, oral argument for pretrial motions was adjourned until February 15, 2008, and time was excluded, with Oluigbo's consent, through February 15.[3] In order to allow Oruche's new counsel time to adequately prepare for trial, Your Honor adjourned the trial date until June 9, 2008. At that same conference, Oluigbo's counsel indicated that due to the adjournment of the trial date, Oluigbo might file a motion to sever, and, indeed, Oluigbo subsequently filed the present motion for severance on those grounds, arguing that the three-month adjournment of the trial date "unfairly compromise[d] [his] speedy trial rights."

**I.  Oluigbo's Motion For Severance Should Be Denied**

    **A.  General Standard For Severance**

Rule 14 of the Federal Rules of Criminal Procedure, in relevant part, provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or defendants in an indictment . . . or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

A motion to sever is "committed to the sound discretion of the

---

[3] The Government has calculated that no days have elapsed on the Speedy Trial Clock since the superseding indictment was filed on June 12, 2007, and that such time has all been excluded at Oluigbo's behest and/or with Oluigbo's consent.

trial court." United States v. Casamento, 887 F.2d 1141, 1149 (2d Cir. 1989). Generally, where "defendants . . . are jointly indicted [they] should be jointly tried." United States v. Ventura, 724 F.2d 305, 312 (2d Cir. 1983); United States v. Feliciano, Jr., 2002 WL 575662, No. 01 Cr. 448, at *4 (S.D.N.Y. April 16, 2002). The strong institutional considerations underlying this settled principle were explained by the Supreme Court as follows:

> It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability — advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

Richardson v. Marsh, 481 U.S. 200, 209-210 (1987). See also United States v. Lyles, 593 F.2d 182, 191 (2d Cir. 1979) (presumption in favor of joint trials "conserves judicial resources, alleviates the burden on citizens serving as jurors, and avoids the necessity of having witnesses reiterate testimony in a series of trials") (quoting United States v. Borelli, 435 F.2d 500, 502 (2d Cir. 1970)).

A defendant who seeks severance must shoulder an "extremely

difficult burden" of showing that he would be so prejudiced by the joinder that he would be denied a constitutionally fair trial. Casamento, 887 F.2d at 1149. See also United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993); United States v. Torres, 901 F.2d 205, 230 (2d Cir. 1990). It is insufficient for a defendant seeking severance merely to show that he may suffer some prejudice, or may have a better chance for acquittal at a separate trial. Torres, 901 F.2d at 230. Instead, the defendant must show that he may suffer prejudice so substantial that a "miscarriage of justice" will occur. United States v. Friedman, 854 F.2d 535, 563 (2d Cir. 1988).

### B. The Minimal Delay Caused By Defendant Oruche's Appointment Of New Counsel Is Not An Appropriate Basis For Severance

First, Oluigbo does not seriously argue that his case is improperly joined with that of his co-defendants on any basis other than the issue of the adjourned trial date. Defense counsel makes a half-hearted argument that a trial solely against Oluigbo would be "shorter" and "more focused." While this may generically be true of any trial focused on one defendant, as opposed to multiple defendants, it ignores the fact that the Court would have to expend the time and resources for two trials as opposed to one. Moreover, the Government does not anticipate that a trial solely against Oluigbo would be significantly shorter. As alleged in the Indictment, Oluigbo is charged with

conspiring with Oruche and others in 2006, as part of the Oruche Organization, to import and distribute or possess with the intent to distribute heroin, and, specifically, "directly assist[ing] Oruche and . . . provid[ing] assistance to couriers upon arrival in the United States."  Meyer Decl. Ex. C, at 5.  Thus, Oluigbo's role in the Oruche Organization is core to the charges against Oluigbo, and evidence showing the existence and functioning of the Oruche Organization in 2006 would be present at both trials.

Thus, the only prejudice Oluigbo argues that he will suffer from a joint trial is the three-month delay caused by Oruche's appointment of new counsel.  This argument should be rejected because the Speedy Trial Act specifically provides that a "reasonable period of delay when defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" is excludable.  18 U.S.C. § 3161(h)(7).  Because a three-month adjournment is such a reasonable period, time is excludable under the Speedy Trial Act and Oluigbo's motion for severance based on a denial of his Speedy Trial Act rights should be rejected.

A similar argument seeking severance because of possible delay in the trial of co-defendants was addressed and soundly rejected in this District in United States v. Gambino, 784 F. Supp. 129 (S.D.N.Y. 1992) (J. Leisure).  In Gambino, two defendants brought motions for immediate trials separate from

their co-defendants pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161-74.  The defendants in Gambino argued that it was a violation of their Speedy Trial rights for the court to require their trial to be delayed approximately six months, twice as long as that contemplated here, while waiting for the outcome of a petition for certiorari to the United States Supreme Court related to a co-defendant's double jeopardy claim.  Gambino, 784 F. Supp at 138.  As the court in Gambino explained, even in the situation where a joint trial is delayed due to a single co-defendant awaiting a decision from the Supreme Court, the period of delay "is also excluded from the Speedy Trial Act's time calculation, as a 'reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.'" Id. (quoting 18 U.S.C. § 3161(h)(7)).  Indeed, as found by the court in Gambino, "[u]nder the Speedy Trial Act, delay attributable to one defendant is charged to all defendants."  Id. (citing United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983), cert. denied, 466 U.S. 905).  The court further stated that "the purpose of 18 U.S.C. § 3161(h)(7) 'is to make sure that [the Speedy Trial Act] does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to speedy trial dismissal under 18 U.S.C. § 3161."  Id. (quoting

-7-

United States v. Pena, 793 F. 2d 486, 489 (2d Cir. 1986)).

Similarly, the Second Circuit in Pena stated:

> Congress clearly intended that, where appropriate, joint trials of defendants should continue to be available as a means of promoting judicial efficiency by avoiding duplicative proof at successive trials. It thus intended that reasonable speedy trial time be excludable under Section 3161(h)(7) when necessary to enable joint trials to go forward.

Id. at 489. Thus, a reasonable delay to allow one defendant to prepare for trial with new counsel, like the delay for the pending petition for certiorari in Gambino, is properly excludable as to all properly joined defendants.

Oluigbo fails to cite any Second Circuit case for his proposition, and the only case cited in support of his motion from within this District is United States v. Byrd, 466 F. Supp. 2d 550, 553-54 (S.D.N.Y. 2006) (J. Rakoff). However, Byrd is wholly inapposite.[4] In Byrd, defendant Jermail Manuel moved for

---

[4] Oluigbo also cites two district court cases outside of this District, but these too are easily distinguishable. In United States v. Gallo, 668 F. Supp. 736 (E.D.N.Y. 1987), defendants' motions for severance were granted due to a number of coalescing aggravating factors, namely: 1) the complexity of the indictment; 2) the disproportionality of evidence; 3) the antagonism of conflicting defense strategies; 4) a "wealth" of co-conspirator statements regarding violent activities that would be "grossly disproportionate to any conceivable legitimate probative value" if offered at a separate trials; and 5) the inadequacy of limiting instructions because the case was "far too extensive and intricate." Id. at 748-55. None of those factors are present here. Moreover, even with all of these factors, the Court in Gallo performed a complete analysis of the efficiency of severance before granting defendants' severance motions. Id. at 755. The other case cited by Oluigbo, United States v. Poulsen, No. Cr2-06-129, 2008 WL 77745, at *3 (S.D. Ohio Jan. 4, 2008), an

severance of his case from his codefendants because the Government had requested a lengthy adjournment of the trial date so that it could decide whether or not to seek the death penalty against certain defendants.  Judge Rakoff first noted that there was no provision, save the catch-all provision, of the Speedy Trial Act, that would allow for such a delay without the consent of all of the defendants.  <u>Id.</u> at 552.  In addition, Judge Rakoff stated that because "the Government ha[d] designated no fewer than five of Manuel's co-defendants as eligible for the death penalty, sheer probability suggests that one or more will be recommended for the death penalty, in which case, judging again from this District's experience, the case may not be brought to trial until years after indictment."  <u>Id.</u> at 552-53.  It was only then that Judge Rakoff granted severance, noting that a 1) delay of years; 2) caused by the Government; 3) where there was no provision for an exclusion of time, would be unreasonable.  None of those factors are present in this case.  In fact, as described above, there is specifically a provision in the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), which provides for the exclusion of time in the situation present in this case — where there is a

---

unpublished case from the Southern District of Ohio, concerned multiple defendants' motions for severance because they were not adequately prepared to go to trial and the Government wished to keep the trial date.  <u>Id.</u> at *1.  The Court thus severed two defendants from the case, adjourning one defendant's trial for nine months, and the other for seven months, so that both could adequately prepare for trial.

"reasonable delay" caused by a properly joined defendant. Compare United States v. Gutierrez, 2007 WL 4302812, at *10 (E.D. Pa. Dec. 6, 2007) ("In Byrd, the district court severed a defendant so as to avoid the delay that would occur while the Government determined whether to seek the death penalty . . . . The Government is not seeking the death penalty in this case, and has made no similar intimations regarding a potential eight-month delay.  Byrd therefore does not compel this Court to sever Gutierrez.").

In short, the Speedy Trial Act specifically contemplates the short delay caused here by Oluigbo's codefendant, and warrants denial of his motion for severance.  Oluigbo simply cannot show the requisite prejudice.  It is noteworthy that Oluigbo himself caused a two-month delay in the running of the Speedy Trial Act by filing his motion to dismiss on June 12, 2007.  Since that time, he has consented to an exclusion of time through February 15, 2008, due to the appropriate need to review the discovery in this case and present further motions.  Thus, after consenting to the exclusion of time for nine months, a further three-month adjournment of the trial date, weighed against the interests of judicial economy, the burden imposed on witnesses if the same case was tried twice, and the need to pick two separate jury panels for successive, almost identical trials, does not create such substantial prejudice that a "miscarriage of justice" would

-10-

occur but for a severance. The severance motion on these grounds should be denied.

## CONCLUSION

For the reasons discussed above, defendants motions should be denied.

Dated:   New York, New York
         February 11, 2008

                                Respectfully Submitted,

                                MICHAEL J. GARCIA
                                United States Attorney


                         By:    __/s/ Michael M. Rosensaft__
                                Joseph Facciponti
                                Michael M. Rosensaft
                                Assistant United States Attorneys
                                (212) 637-2366