```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA          :

     -against-                    :
                                       S2 07 Cr. 124 (WHP)
EMMANUEL ORUCHE, et al.,          :

          Defendants.             :

- - - - - - - - - - - - - - - - - -X
```

**MOTION REQUESTING PERMISSION TO AUTHENTICATE WIRETAPS THROUGH A SUMMARY LAW ENFORCEMENT WITNESS**

**MICHAEL J. GARCIA**
**United States Attorney for the**
**Southern District of New York**
**Attorney for the United States**
**of America**

**MICHAEL M. ROSENSAFT**
**VIRGINIA CHAVEZ-ROMANO**
**Assistant United States Attorneys**

   - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA          :
    -against-                     :
                                        S2 07 Cr. 124 (WHP)
EMMANUEL ORUCHE, et al.,          :
         Defendants.              :
- - - - - - - - - - - - - - - - - -X
```

# MOTION REQUESTING PERMISSION TO AUTHENTICATE WIRETAPS THROUGH A SUMMARY LAW ENFORCEMENT WITNESS

The Government respectfully submits this letter to request permission to authenticate Igbo wiretap recordings at the trial in the above-referenced case through a summary witness, a procedure expressly approved by several Circuit courts and by several Judges of the Southern District of New York. Permitting the Government to authenticate the wiretap recordings with one summary witness would obviate the need to call each officer who participated in the monitoring of the wiretap at the time the relevant conversations were intercepted.

## Background

At trial, the Government intends to offer into evidence a number of calls[1] intercepted during multiple wiretaps on three

---

[1] Pursuant to this Court's March 5, 2008 Order, the Government notified defense counsel that it has identified a total of 65 calls that it may introduce at trial. As the trial date nears, the Government expects to further narrow the number of calls it plans to introduce.

cellular telephones, which had the following call numbers: (646) 533-8587 (the "646 CELLPHONE"), (917) 815-6747 (the "917 CELLPHONE"), and (832) 613-4067 (the "832 CELLPHONE"). These wiretaps were all authorized pursuant to court orders in the Southern District of New York. The 646 CELLPHONE wiretap intercepted calls for approximately four months, the 917 CELLPHONE wiretap for approximately three months, and the 832 CELLPHONE wiretap for approximately two months. In order to authenticate the trial calls, a disk containing all of the intercepted communications will be marked for identification and authenticated, and a witness will testify that the trial calls are an accurate copy of a portion of the original recordings.

The Government proposes to authenticate the wiretap recordings through Special Agent Andrew Arthurton with the Drug Enforcement Administration. Special Agent Arthurton swore out the affidavits for the wiretaps on the above-referenced phones and was one of the primary agents working on this investigation when the wiretaps were active.

With regard to authentication of the trial calls, the Government anticipates that Special Agent Arthurton will provide brief background testimony regarding the mechanics of the wiretap, including the machine used and the procedures followed in creating and maintaining the recordings. With respect to the transcripts of the trial calls, Special Agent Arthurton is

expected to testify as to the accuracy of (1) the date and time of each call, as recorded by equipment used in the Southern District of New York, and, (2) based in part on contemporaneous entries made by individual monitors, the accuracy of the numbers for the phones used in the calls.

## Legal Analysis

The above-summarized testimony is sufficient to authenticate the recordings.  The First Circuit has held that there is no requirement that a witness authenticating tape recordings be someone who either participated in or personally overheard the subject matter of the recording in evidence. United States v. Cortellesso, 663 F.2d 361, 364 (1st Cir. 1981) (crucial factors governing admissibility are that the taping equipment be shown to be in working order and that custody procedures be established and followed to maintain the integrity of the tapes); see also United States v. Fuentes, 563 F.2d 527, 532 (2d Cir. 1977) (stating, in the context of the Government's offer of a consensual recording, that "[t]here simply is no requirement that the tapes be put in evidence ... through a contemporaneous witness to the recorded conversations"); United States v. Haldeman, 559 F.2d 31, 109 (D.C. Cir. 1976) (Government's proof concerning practice and equipment used to record meetings, together with proof of chain of custody and proof of voice identification, was sufficient to authenticate

recordings).

The crucial factors governing admissibility are that the recording equipment be shown to be in working order; and that custody procedures be established and followed to maintain the integrity of the recordings once recorded.  Once this foundation is laid, a presumption of regularity is raised, and the burden shifts to the party challenging admissibility to show that the recordings are inaccurate.  In the absence of such a showing, courts have admitted tape recordings without further foundation. See Cortellesso, 663 F.2d at 364; United States v. Rengifo, 789 F.2d 975, 978-79 (1st Cir. 1986); see also United States v. Ruggiero, 928 F.2d 1289, 1304 (2d Cir. 1991) (where "[a]ppellants concede[d] compliance with the statutory sealing requirement ... and they do not claim any specific instance of tampering or suspected tampering[,] ... [t]heir contentions go to the weight, rather than admissibility); United States v. Alvarez, 860 F.2d 801, 808 (7th Cir. 1988) (where Government demonstrated that wiretap equipment was in good working order, that individual cassette tapes accurately reproduced conversations on original reel to reel tapes, and called witnesses to identify voices on tapes, duplicate cassette tapes were properly authenticated).

In Cortellesso, the First Circuit approved of the district court's ruling permitting the introduction of recordings of intercepted telephone recordings on the basis of testimony of a

single agent. That agent testified as to the procedures followed in the wire room, the testing of the recording equipment, and the custody of the original tapes and logs. "With this much of a showing it was not necessary that the agents who did the actual monitoring of the calls take the stand to confirm that they followed [the case agent's] instructions, and to deny tampering with the tapes. . . . [T]he government made out a prima facie case, by clear and convincing evidence, that the tapes were what it said they were." 663 F.2d at 364. In a second case, United States v. Rengifo, supra, the case agent similarly testified about his personal supervision of the wire room; the procedures followed in recording the tapes; and the custody procedures followed after the recording. Although the agent did not have personal knowledge about each tape and whether the procedures were followed with respect to each tape, the court found that the case agent's testimony was "sufficient to raise a presumption of official regularity. After [the case agent's] thorough explanation of how these recordings were obtained, the burden shifted to defendant to show why the recordings should be rejected as inauthentic." 789 F.2d at 979.

The Second Circuit has not had the opportunity to rule on this precise issue. However, numerous Judges from the Southern District of New York have approved the introduction of wiretap evidence through the testimony of a summary witness. See, e.g.,

United States v. Ortiz, S10 91 Cr. 634 (LJF) (Judge Freeh admitted recordings of wiretap conversations into evidence through summary witness testimony); United States v. Salerno, 86 Cr. 245 (MJL) (Judge Lowe permitted the introduction of numerous tape recorded conversations by the testimony of the supervising agent and the individual who prepared the individual tapes that were introduced); United States v. Millan, 817 F. Supp. 1072, 1080-81 (S.D.N.Y. 1993) (Judge Kram permitted the Government to introduce wiretap tapes based on authentication testimony provided by the case agent); United States v. Miranda, 93 Cr. 108 (KTD), 1993 WL 410507 (Judge Duffy permitted the Government to introduce wiretap tapes based upon the same procedure approved of by Judge Kram in Millan); United States v. Velasquez, S9 96 Cr. 126 (JFK) (Judge Keenan permitted the introduction of wiretap tapes based upon the case agent's summary testimony); United States v. Wallace, 98 Cr. 197 (RPP) (Judge DiCarlo permitted the introduction of wiretap tapes based upon the case agent's summary testimony); United States v. Juan Moises S1 99 Cr. 711 (WHP) (Judge Pauley, same); United States v. Reinaldo Argudin 99 Cr. 1238 (Judge Rakoff, same).

## Conclusion

For the reasons stated above, the Government respectfully requests that the Court permit Special Agent Arthurton to authenticate the wiretap recordings that will be

introduced at the trial in this case, consistent with the above-noted precedents.

                                Respectfully submitted,

                                MICHAEL J. GARCIA
                                United States Attorney
                                Southern District of New York


By:  /s Michael M. Rosensaft
     Michael M. Rosensaft
     Virginia Chavez-Romano
     Assistant United States Attorneys
     (212) 637-2366/1037