UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :
                                    :
          - v. -                    :
                                    :
EMMANUEL ORUCHE and                 :
JOSEPH OLUIGBO,                     :      S2 07 Cr. 124 (WHP)
                                    :
          Defendants.               :
                                    :
- - - - - - - - - - - - - - - - - -x


PROPOSED EXAMINATION OF PROSPECTIVE JURORS




                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                              of America

                         MICHAEL M. ROSENSAFT
                         VIRGINIA CHAVEZ ROMANO
                         Assistant United States Attorneys
                         - Of Counsel -


                         MARTIN R. STOLAR
                         LAW OFFICES OF MARTIN R. STOLAR
                         Attorney for Emmanuel Oruche

                         ANDREW CERESNEY
                         DEBEVOISE & PLIMPTON
                         Attorney for Joseph Oluigbo

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - -x
                                    :
**UNITED STATES OF AMERICA**        :
                                    :
         - v. -                     :
                                    :
**EMMANUEL ORUCHE and**             :
**JOSEPH OLUIGBO,**                 :        **S2 07 Cr. 124 (WHP)**
                                    :
              **Defendants.**       :
                                    :
- - - - - - - - - - - - - - - - - -x


<u>**EXAMINATION OF PROSPECTIVE JURORS**</u>

      All parties respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.  The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of, or against, either the Government or the defendants.

      Please note that where parties disagree as to a request, that disagreement is noted in bold throughout. "OLUIGBO:" refers to disagreements by defense counsel for JOSEPH OLUIGBO.  "ORUCHE:" refers to disagreement by defense counsel for EMMANUEL ORUCHE.  Additionally, counsel for EMMANUEL ORUCHE has no objections to anything proposed by counsel for JOSEPH OLUIGBO.

## The Charges

1.   This is a criminal case.  A grand jury sitting in this district has returned an indictment charging EMMANUEL ORUCHE and JOSEPH OLUIGBO with committing certain crimes.  The indictment is not evidence itself.  It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.  I would like to summarize the charges to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

2.   The indictment charges the defendants, EMMANUEL ORUCHE and JOSEPH OLUIGBO, with: (1) conspiring to import into the United States from a place outside of the United States a controlled substance, specifically, one kilogram and more of heroin; and (2) conspiring to distribute and possess with the intent to distribute a controlled substance, specifically, one kilogram and more of heroin.  The indictment also charges EMMANUEL ORUCHE with conspiring to distribute and possess with the intent to distribute 500 grams or more of cocaine.

**[OLUIGBO: replace paragraph 2 with:**

**The indictment charges defendant Emmanuel Oruche with five counts including (1) conspiring in December 2003 to import into the United States from a place outside of the United States a controlled substance, specifically, one kilogram and more of**

-2-

heroin; (2) conspiring in December 2003 to distribute and possess with the intent to distribute a controlled substance, specifically, one kilogram and more of heroin, (3)  conspiring in or about 2006 to import into the United States from a place outside of the United States a controlled substance, specifically, one kilogram and more of heroin; (4) conspiring in or about 2006 to distribute and possess with the intent to distribute a controlled substance, specifically, one kilogram and more of heroin, and, (5) conspiring in or about December 2006 to distribute and possess with the intent to distribute 500 grams or more of cocaine.

The indictment charges defendant Joseph Oluigbo with two counts including (1) conspiring in or about 2006 to import into the United States from a place outside of the United States a controlled substance, specifically, one kilogram and more of heroin; and (2) conspiring in or about 2006 to distribute and possess with the intent to distribute a controlled substance, specifically, one kilogram and more of heroin.]

3.    From this general description of the charges contained in the Indictment, do any of you have reason to believe that you may have personal knowledge of the events charged in the indictment?   Do any of you have any reason to believe that you could not be a fair and impartial juror in this case?

-3-

[OLUIGBO: Insert     <u>Presumption of Innocence</u>

As I have just stated, the charges in this case are contained in an indictment. An indictment is simply the way the government brings into court people the government claims have violated the law. The indictment itself is proof of nothing and you must not consider it in any way against the defendants. The grand jury which indicted the defendants has heard only the Government's version of the case. It does not change in any way the presumption of innocence that the law gives to every accused person at a trial. And, by the way, the word "defendant" itself just means a person that the government has accused of a crime. If I or the lawyers refer to a party from time to time as "the defendant," there is nothing demeaning or negative about that - that's just referring to him by his role in the proceedings, in the same way that the lawyers might refer to me as "the judge," or I might refer to one of them as ''the prosecutor'' or "defense counsel." The defendants are presumed innocent. Neither one has to prove himself innocent. The Government must prove him guilty beyond a reasonable doubt. Would any juror have difficulty following that principle of law?

The defendants are presumed innocent not only at the outset of the trial, but each defendant retains that presumption of innocence all throughout the trial and even into the jury

-4-

deliberation room unless the Government proves one or both guilty
beyond a reasonable doubt.  Would any juror have difficulty
following that principle of law?

Does anyone feel that just because the defendants have been
arrested and indicted they must have done something wrong?

Does anyone have an opinion as to the defendants' guilt or
innocence at this moment?

### Ability to Render a Fair Verdict

4.    The charges in this case involve drugs, also called
narcotics or controlled substances, and, in particular, heroin
and cocaine.  Does any juror have any opinion about the
enforcement of the federal narcotics laws which might prevent you
from being fair and impartial in this case?  Does any juror have
any opinion specifically about the enforcement of federal
narcotics laws regarding heroin and cocaine which might prevent
you from being fair and impartial in this case?

5.    Has any juror been involved in an offense involving
narcotics?  Has any juror's relative, close friend, or associate
been involved in an offense involving narcotics?  Has any juror,
or any member of a juror's family, or any juror's close friend,
had any experiences of any kind, directly or indirectly, with
narcotics **[OLUIGBO: insert "that would make it difficult to be a
juror in this case"]**?

6.    Do any of you feel, for any reason, that you could not

-5-

view fairly and impartially a case involving federal narcotics charges?

[OLUIGBO: Insert        **Burden of Proof**

There are two defendants on trial here.  No matter what the Government is able to prove against one co-defendant, it must make its case separately and independently as to the other co-defendant.  Even if one co-defendant is proven guilty the presumption of innocence remains with the other co-defendant until the Government can prove its case as to that defendant. Would any juror have any difficulty following that principle?

Under the United States Constitution, the defendants have an absolute right not to testify and that decision not to testify cannot be held against them in any way.  The Government bears the burden of proof beyond a reasonable doubt.  Does any juror feel that he or she cannot follow this instruction?

Would any juror have difficulty following the Court's instruction that the defendants either together or individually do not have to prove themselves innocent?

Would any juror have difficulty following the Court's instruction that should one of the co-defendants testify on his own behalf, the other co-defendant continues to maintain the constitutional right not to testify in this case and that if he does not testify it cannot be held against him?

-6-

**The charges against the defendants allege that they conspired with each other or with others not named as defendants in this case, to import drugs with an intent to possess and distribute drugs in the United States. Your determination of each defendant's involvement in this alleged conspiracy should be based solely on the evidence offered at trial. Your determination of each defendant's involvement in the alleged conspiracy must not be based solely on the existence of an actual or perceived common heritage, language, or other lawful social or work-related relationship or acquaintance that they may have had with each other or anyone else that the government may allege was part of this drug conspiracy. Would any juror have difficulty in following this principle?]**

### Knowledge of the Trial Participants

7.  The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Michael Rosensaft and Virginia Chavez Romano. These attorneys will be assisted during trial by Special Agent Jeffrey Senn of the Drug Enforcement Administration and Akua Adusei, a paralegal in the U.S. Attorney's Office. Do any of you know Mr. Rosensaft, Ms. Romano

-7-

Chavez, Special Agent Senn, or Ms. Adusei?  Have any of you had any dealings, either directly or indirectly, with any of these individuals?

8.   The defendants in this case are EMMANUEL ORUCHE and JOSEPH OLUIGBO.  Do any of you know, or have you had any dealings, directly or indirectly, with these defendants?

9.   Do any of you know, or have you had any dealings, directly or indirectly, with any relatives, friends or associates of the defendants?

10.   To your knowledge, do any of your relatives, friends, associates, or employers know the defendants?

11.   EMMANUEL ORUCHE is represented by **[OLUIGBO insert: appointed counsel provided to him under the Criminal Justice Act, which provides for court appointed lawyers for federal defendants who are not able to pay for their own legal representation.  Mr. Oruche's appointed counsel is]** Martin Stolar, Esq., and Zoe Dolan, Esq., by the law firm of the Law Offices of Martin R. Stolar, Esq., which is located in Manhattan.  JOSEPH OLGUIBO is represented by **[OLUIGBO insert: is also represented by counsel appointed to represent him under the Criminal Justice Act.  Mr. Oluigbo's appointed counsel is]** Andrew Ceresney, Esq., of the law firm Debevoise & Plimpton LLP located in Manhattan.  Mr. Ceresney will be assisted during the trial by associates from his firm, Eric Meyer, Neuman Leverett, and Gordon Eng.  Do any of you know

these lawyers?  Have any of you had any dealings, either directly
or indirectly, with these lawyers or their firms?

12.  Have any of you seen, heard, or read anything about
this case, the individuals involved in this case, or this trial,
in the news media, on television, or otherwise?  **[ORUCHE: or
Nigerians allegedly involved in narcotics trafficking?]**

### Relevant Persons

13.  I will now read a list of names of individuals whose
names may be mentioned during the trial, or who may be witnesses
in this case.  [Prior to jury selection, the Government and
defendants will provide the Court with a list of prospective
witnesses and other persons who may be mentioned during the
trial.]  Do any of you know any of these people?  Have you had
any dealings either directly or indirectly with any of these
individuals?  Does any juror have relatives, friends, associates,
employers, or employees who nkow or who have had any dealings
with any of these individuals?

### Relevant Locations

14.  Now I will read a list of locations that may be
mentioned at trial.  Please tell me if any of you are familiar
with any of the locations. [The Government and defendants will
provide the Court a list of relevant locations prior to jury
selection.]

-9-

## **Relationship with Government**

15.  Do any of you know, or have any association --
professional, business, or social, direct or indirect -- with any
member of the staff of the United States Attorney's Office for
the Southern District of New York or the Drug Enforcement
Administration?  Is any juror or any member of your family or
close friend currently employed, or have you or they ever been
employed by any law enforcement agency, whether federal, state,
or local **[OLUIGBO insert: such as the New York City Police
Department, the Department of Corrections, FBI, IRS, Customs
Services, Bureau of Alcohol, Tobacco and Firearms, U.S. Marshal
Service, District Attorney, Postal Inspection Service, Department
of Justice, Department of Homeland Security, Department of
Probation or Parole, Bureau of Prisons, U.S. Immigration and
Customs Enforcement, U.S. Customs and Border Protection, or any
other agency?  If so, what agency?]** Has any juror, either
through any experience he or she has had or anything he or she
has seen or read, developed any bias or prejudice for or against
prosecutors or law enforcement?

16.  **[OLUIGBO: Objects to this paragraph]** Have you, or has
any member of your family, either as an individual or in the
course of business, ever been a party to any legal action or
dispute with the United States, or with any of the officers,
departments, agencies, or employees of the United States?  Have

-10-

any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?  In particular, have you, or has any member of your family, ever had a dispute concerning payment of money owed to you by the Government?

### Prior Jury Service

17.  Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court?  If so, when and where did you serve?  **[ORUCHE: If any juror indicates they have served on a grand jury, the Court is requested to explain the different burden of proof on a grand jury].**

18.  Have you ever served as a juror in any case?  If so, when, and in what court did you serve, and was it a civil or criminal case?  What was the nature of the case?  Did the jury reach a verdict?

### Experience as a Witness, Defendant, or Crime Victim

19.  Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?  Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement officer or agent?

20.  Have you ever been a witness or a complainant to any

-11-

criminal case?

21.  Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

22.  Have you, or has any member of your family, any associate or close friend, ever been arrested or charged with a crime? [*As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

23.  Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?  [*As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

24.  Have you, or any of your close friends or relatives, ever been a victim of or witness to a crime? **[OLUIGBO insert: "If so, did the juror go, or accompany the friend or family member, to any police or other law enforcement office inc connection with that crime?"]**  [*As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

-12-

## **Problems with Perception**

25.  Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

26.  Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

27.  Do any of you have any difficulty in reading or understanding English in any degree?

## **Function of the Court and Jury**

28.  The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not each defendant has been proven guilty as charged in the indictment.  Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

29.  Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that

-13-

the possible punishment must not enter into your deliberations as to whether a particular defendant is guilty or not guilty?

30. **[OLUIGBO: objects to portion of sentence between XX and YY]** Will each of you accept the proposition of law that **[XX]** sympathy must not enter into the deliberations of the jurors as to the guilt or innocence of each defendant, and that **[YY]** only the evidence produced here in Court may be used by you to determine the guilt or lack of guilt of each defendant?

31. **[OLUIGBO: Objects to first sentence]** It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence? **[ORUCHE: On the other hand, is there anyone who feels that if the Government does not prove their case beyond a reasonable doubt, that he or she would hesitate to find the defendant not guilty?]**

32. Does any juror have any religious, philosophical or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law or evidence?

33. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any

-14-

reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

**[OLUIGBO insert: The duty which you are about to undertake is one of the most important duties of citizenship and is one of the fundamental building blocks in the system of justice in the United States. Is there any juror who feels that even if in his or her own mind the Government has fallen short of establishing a defendant's guilt beyond a reasonable doubt, he or she might still render a guilty verdict for reasons unrelated to the law and the evidence?**

**Will any juror have any hesitation in finding the defendants not guilty if the Government in your judgment fails to establish their guilt beyond a reasonable doubt? Stated differently, do you understand that if the Government does not prove the defendants guilty beyond a reasonable doubt that you must find them not guilty?**

**As I previously explained, the Government must prove its case independently and separately for each defendant in this case. Do you understand that if the Government is able to prove beyond a reasonable doubt the guilt of only one of the co-**

**defendants but not the other, you must find the other not guilty?]**

### Ability to Render Fair Verdict

34. <u>Law Enforcement Personnel</u>.  The witnesses in this case will include law enforcement personnel such as detectives or officers of the New York City Police Department or agents of the Drug Enforcement Administration.  Would any juror be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

35. <u>Cooperating Witnesses.</u>  You also will hear testimony from a witness who will say that she participated in certain of the crimes charged in the Indictment.  The witness has pleaded guilty to criminal offenses and is cooperating with the Government in the hope of receiving a lower sentence **[OLUIGBO insert: than she would normally have received under the law had she only pled guilty and decided not to testify on behalf of the Government against the defendants in this case].**  I advise you that the use of cooperating witnesses is a legal and often necessary **[ORUCHE: objects to "and often necessary"]** law enforcement tool.  **[OLUIGBO insert: At the same time, such witnesses' testimony must be scrutinized carefully.]**  Do you have any general feeling about the Government's use of cooperating witnesses that would make it difficult for you to render a wholly fair and impartial verdict?  Would you have any bias for or

-16-

against the Government because of evidence obtained in this manner? **[OLUIGBO insert: Would any juror attach greater weight to the testimony of a witness just because that witness was offered by the Government?]**

36. <u>Expert Witnesses</u>. You also may hear testimony from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

37. <u>Persons not on trial</u>. The defendants are charged with acting with others in committing certain of the alleged crimes. Those other individuals are not on trial in this case. You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from that fact. You also may not speculate as to the reason why other persons are not on trial at this time. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

38. <u>Searches and Wiretaps</u>. Some of the evidence admitted at trial may come from searches performed by law enforcement officers and court-authorized wiretaps of telephone conversations. I instruct you that those searches and wiretaps were legal and that the evidence obtained from those searches and wiretaps is admissible in this case. Do you have strong feelings

-17-

about searches conducted by law enforcement officers or the use of evidence obtained from searches and wiretaps at trial?

**[ORUCHE & OLUIGBO: Add   <u>Immigrant Status</u>**

**The defendants in this case are both originally from Nigeria.  Does anyone have strong feelings about immigrants to this cuontry that would prevent you from rendering a fair verdict in this case?  Does anyone have strong feelings about persons from Nigeria that would prevent you from rendering a fair verdict in this case?]**

39.  A part of the evidence in this case will involve conversations recorded by the Government using wiretaps.  Some of these conversations took place in English and some wholly or partly in Igbo, a Nigerian dialect, or in French.  These conversations have been translated into English in the form of transcripts. Do any jurors speak Igbo or French?

**[OLUIGBO insert:**

**The Government and the defendants may differ on the proper translations of some of these recorded conversations.  In these instances there is no "official" translation that bears a stronger stamp of authority or legitimacy.  You must evaluate each version based on your independent judgment of the facts and evidence including expert testimony.  Would any juror have any difficulty following this principle?]**

-18-

### Juror's Background

40.  The Government respectfully requests that the Court ask each juror to state the following information:

a.  the juror's family status;

b.  the juror's occupation and educational background;

c.  the general location of the juror's employer;

d.  the period of employment with that employer **[OLUIGBO insert: and whether they have any supervisory responsibilities]**;

e.  the same information concerning other employment within the last five years;

f.  the same information with respect to the juror's spouse and any working children;

g.  the area in which the juror currently resides and any other area in which the juror has resided during the last five years;

h.  whether the juror owns his or her own home, and, if owned, how long the juror has owned his or her home;

i.  the educational background of the juror, including the highest degree obtained;

j.  newspapers and magazines regularly read by the juror;

k.  television programs and cable channels regularly watched by the juror; and

l.  the names of any clubs or associations to which the juror belongs.

**[ORUCHE:**      m.  **travel outside of the United States, and if so, where.]**

**[OLUIGBO:**      o.  **Over the past five years, can you recall the**

-19-

names of any television programs, movies, or
videos that you have watched, or any books,
magazines, or articles you have read or heard
about relating to the importation of
narcotics into the United States.

p.    Have you or a family member (or a close
friend) ever operated a Western Union branch
or any other facility engaged in the business
of wiring money or cashing checks?

q.    Have you ever traveled to Nigeria, Togo, or
Benin?]


### Requested Instruction Following Impanelment

41.    From this point until the time when you retire to
deliberate your verdict, it is your duty not to discuss this
case, and not to remain in the presence of other persons who may
be discussing this case.  The rule about not discussing the case
with others includes discussions even with members of your own
family, and your friends.

42.    If at any time during the course of this trial, any
person attempts to talk to you or to communicate with you about
this case, either in or out of the courtroom, you should
immediately report such an attempt to me through my deputy clerk.

43.    In this regard, let me explain to you that the
attorneys, the defendants, and the witnesses in a case are not
supposed to talk to jurors, not even to offer a friendly
greeting.  So if you happen to see any of them outside this
courtroom, they will, and should, ignore you.  Please do not take

-20-

offense.  They will be acting properly by doing so.

    44.  If anything should happen involving any of you that is
of an unusual nature, or which you think is something the Court
should be told about, do not discuss it with any other juror.
Simply give the clerk a note to the effect that you want to speak
to me about it and I can then hear what it is and what you have
to say.  Of course, I do not expect anything unusual or improper
to happen.

DATED:    New York, New York
          June 2, 2008


                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney
                        Southern District of New York


               By:    /s Michael M. Rosensaft
                        Michael M. Rosensaft
                        Virginia Chavez Romano
                        Assistant United States Attorneys



               By:    /s Martin R. Stolar
                        Martin R. Stolar, Esq.
                        Attorney for Defendant
                        EMMANUEL ORUCHE



               By:    /s Andrew Ceresney
                        Andrew Ceresney, Esq.
                        Attorney for Defendant
                        JOSEPH OLUIGBO


                        -21-