UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                       :
UNITED STATES OF AMERICA      :
                       :
        - v. -        :
                       :
EMMANUEL ORUCHE and        :
JOSEPH OLUIGBO,          :     S2 07 Cr. 124 (WHP)
                       :
        Defendants.     :
                       :
- - - - - - - - - - - - - - - - - -x


# JOINT REQUESTS TO CHARGE


                     MICHAEL J. GARCIA
                     United States Attorney for the
                     Southern District of New York
                     Attorney for the United States
                         of America

                     MICHAEL M. ROSENSAFT
                     VIRGINIA CHAVEZ ROMANO
                     Assistant United States Attorneys
                     - Of Counsel -


                     MARTIN R. STOLAR
                     LAW OFFICES OF MARTIN R. STOLAR
                     Attorney for Emmanuel Oruche

                     ANDREW CERESNEY
                     DEBEVOISE & PLIMPTON LLP
                     Attorney for Joseph Oluigbo

**TABLE OF CONTENTS**

**Request No.**    **Description**                                      **Page**

1.   General Requests.. . . . . . . . . . . . . . . . . . . 2

2.   The Indictment.. . . . . . . . . . . . . . . . . . . 3

3.   Summary Of Indictment. . . . . . . . . . . . . . . . . 4

4.   Limited Evidence.. . . . . . . . . . . . . . . . . . . 5

5.   Narcotics Conspiracy: General Instructions.. . . . . . . 7

6.   Narcotics Conspiracy: Time of the Conspiracy.. . . . . . 9

7.   Narcotics Conspiracy: Elements.. . . . . . . . . . . . 10

8.   Narcotics Conspiracy: First Element:
     Existence of the Conspiracy. . . . . . . . . . . . . . 12

9.   Narcotics Conspiracy: Second Element:
     Membership in the Conspiracy.. . . . . . . . . . . . . 19

10.  Knowledge and Intent: Conscious Avoidance . . . . . . . 24

11.  Overt Acts.. . . . . . . . . . . . . . . . . . . . . 28

12.  Narcotics Conspiracy:
     Special Interrogatory on Drug Quantity.. . . . . . . . 29

13.  Variance In Dates. . . . . . . . . . . . . . . . . . . 31

14.  Venue. . . . . . . . . . . . . . . . . . . . . . . . 32

15.  Liability for Acts and Declarations of Co-Conspirators.. 33

16.  Stipulations.. . . . . . . . . . . . . . . . . . . . 34

17.  Defendant's Testimony. . . . . . . . . . . . . . . . . 35

18.  Defendant's Right Not To Testify.. . . . . . . . . . . 36

19.  Particular Investigative Techniques Not Required.. . . . 37

20.  Uncalled Witnesses - Equally Available to Both Sides.. . 38

21.  Expert Testimony.. . . . . . . . . . . . . . . . . . 39

22.  Accomplice Testimony.. . . . . . . . . . . . . . . . . 41

**TABLE OF CONTENTS**, continued

**Request No.**    **Description**                                        **Page**

23.  Accomplice Testimony - Guilty Plea.. . . . . . . . . . .  45

24.  Preparation of Witnesses.. . . . . . . . . . . . . . .  46

25.  Law Enforcement Witnesses. . . . . . . . . . . . . . .  47

26.  Statements of Defendant. . . . . . . . . . . . . . . .  48

27.  Consciousness of Guilt From Coercion of a Witness. . . .  49

28.  Use Of Recordings And Transcripts. . . . . . . . . . .  50

29.  Redaction of Evidentiary Items.. . . . . . . . . . . .  52

30.  Use Of Charts And Tables.. . . . . . . . . . . . . . .  53

31.  Character Witnesses. . . . . . . . . . . . . . . . . .  54

32.  Similar Acts.. . . . . . . . . . . . . . . . . . . . .  56

33.  Persons Not On Trial.. . . . . . . . . . . . . . . . .  58

34.  Conclusion.. . . . . . . . . . . . . . . . . . . . . .  59

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - -**x**
                                     :
**UNITED STATES OF AMERICA**         :
                                     :
         **- v. -**                  :
                                     :
**EMMANUEL ORUCHE and**              :
**JOSEPH OLUIGBO,**                  :       **S2 07 Cr. 124 (WHP)**
                                     :
             **Defendants.**         :
                                     :
- - - - - - - - - - - - - - - - - -**x**

## JOINT REQUESTS TO CHARGE

          Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government, counsel for Emmanuel Oruche, and
counsel for Joseph Oluigbo respectfully requests that the Court
include the following in its charge to the jury.  Please note
that where parties disagree as to an instruction, that
disagreement is noted in bold throughout.  "OLUIGBO:" refers to
disagreements by defense counsel for JOSEPH OLUIGBO.  "ORUCHE:"
refers to disagreement by defense counsel for EMMANUEL ORUCHE.
Additionally, counsel for EMMANUEL ORUCHE has no objections to
anything proposed by counsel for JOSEPH OLUIGBO.

REQUEST NO. 1

General Requests

All parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.    Function Of Court And Jury.

b.    Indictment Not Evidence.

c.    Statements Of Court And Counsel Not Evidence.

d.    Burden Of Proof And Presumption Of Innocence.

e.    Reasonable Doubt.

f.    Government And Defendant Treated Alike

g.    Definitions, Explanations, And Example Of Direct And Circumstantial Evidence.

h.    Inferences.

I.    Credibility Of Witnesses.

j.    Right to See Exhibits And Have Testimony Read During Deliberations.

k.    Sympathy:  Oath Of Jurors.

l.    Punishment Is Not To Be Considered By The Jury.

m.    Verdict Of Guilty Or Not Guilty Must Be Unanimous.

<u>REQUEST NO. 2</u>

<u>The Indictment</u>

The defendants, EMMANUEL ORUCHE and JOSEPH OLUIGBO, are formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. **[OLUIGBO: Change "evidence" to "proof of guilt"].**  Before you begin your deliberations, you will be provided with a copy of the Indictment.  **[OLUIGBO: Delete next sentence and word "Rather"].**  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

REQUEST NO. 3

Summary Of Indictment

The Indictment contains a total of five counts, or charges, and EMMANUEL ORUCHE is named as a defendant in each of the five counts. In contrast, the Indictment charges JOSEPH OLUIGBO in two of the five counts.

Count One charges that in or about December 2003, EMMANUEL ORUCHE conspired to distribute and possess with the intent to distribute heroin. Count Two charges that in or about December 2003, EMMANUEL ORUCHE conspired to import heroin into the United States. Count Three charges that in or about 2006, EMMANUEL ORUCHE and JOSEPH OLUIGBO conspired to distribute and possess with the intent to distribute heroin. Count Four charges that in or about 2006, EMMANUEL ORUCHE and JOSEPH OLUIGBO conspired to import heroin into the United States. Finally, Count Five charges that in or about December 2006, EMMANUEL ORUCHE conspired to distribute and possess with the intent to distribute cocaine.

REQUEST NO. 4

Limited Evidence

The Indictment names two defendants that are on trial together.  In reaching a verdict, however, you must bear in mind that guilt is individual.  Your verdict as to each defendant must be determined separately with respect to him, **[OLUIGBO insert: "and with respect to each separate element of each separate charge against each defendant,"]** solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence **[ORUCHE: lack of guilt]** of anyone else.

**[OLUIGBO insert: "In this regard, you must be careful not to find any defendant guilty merely by reason of relationship or association with other persons.  The fact that one person may be guilty of an offense does not mean that his friends, relatives, associates, or co-defendants were also involved in the crime.**

**You may, of course, consider these associations and relationships as part of the evidence in the case, and may draw whatever inferences are reasonable from the fact of associations, taken together with all the other evidence in the case, but you may not draw an inference of guilt merely because of such associations.  In short, for each defendant the question of guilt or innocence must be individually considered and individually answered, and you may not find any defendant guilty, unless the evidence proves that defendant's guilt beyond a reasonable doubt."]**

-5-

[If applicable]  In addition, some of the evidence in this case was limited to one defendant or introduced for a limited purpose.  Let me emphasize that any evidence admitted solely against one defendant may be considered only against that defendant and may not in any respect enter into your deliberations on the other defendant.  Also, any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-5. **[OLUIGBO additional sources: Charge of Judge Lynch in United States v. Robles, 04 Cr. 1036 (GEL) (Jan. 31, 2006).**

REQUEST NO. 5
Counts One Through Five:
Narcotics Conspiracy:  General Instructions

Counts One through Five charge the defendants in a conspiracy to violate the narcotics laws of the United States.  I will now read the Indictment to you:

[The Court is respectfully requested to read Counts One through Five of the Indictment.]**[ORUCHE: objects to reading the Indictment]**

What is a conspiracy?  A conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.  **[OLUIGBO insert: "In order to sustain its burden of proof with respect to a charge of conspiracy, the Government must prove two elements beyond a reasonable doubt.  First, the Government must prove that the conspiracy charged in the Indictment, in fact, existed.  Second, the Government must prove that the defendant knowingly became a member of that conspiracy."]**

The crime of conspiracy — or agreement — to violate a federal law, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find a defendant guilty of the crime of conspiracy, even if you find that he or she never actually committed the substantive crime that was the object of the conspiracy.  In other words, you may find EMMANUEL

-7-

ORUCHE or JOSEPH OLUIGBO guilty of the crime of conspiracy to distribute narcotics, to possess narcotics with intent to distribute them, or import narcotics — in other words, agreeing to distribute, possess with intent to distribute, or import narcotics — even if there was no *actual* distribution, possession with the intent to distribute, or importation.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no drugs are actually distributed, possessed with intent to distribute, or imported.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); Sand, et al., Modern Federal Jury Instructions, Instr. 19-2. See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

<u>REQUEST NO. 6</u>

Counts One Through Five:
<u>Narcotics Conspiracy: Time of the Conspiracy</u>

Counts One and Two of the Indictment allege that the conspiracy charged in those counts existed in or about December 2003; Counts Three and Four of the Indictment allege that the conspiracy charged in those counts existed in or about 2006; and Count Five of the Indictment alleges that the conspiracy charged in that count existed in or about December 2006.  It is not essential that the Government prove that the conspiracy started and ended at those specific times.  Indeed, it is sufficient if you find that a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

Adapted from the charge of the Honorable John
F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr.
365 (S.D.N.Y. 1991).

-9-

REQUEST NO. 7
Counts One Through Five:
Narcotics Conspiracy: Elements

To sustain its burden of proof with respect to each of the charges of conspiracy contained in the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in that count of the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, to possess narcotics with the intent to distribute them, or to import narcotics into the United States.

Therefore, for each **[OLUIGBO insert: "separate"]** count of the Indictment, the first question for you is:  Did the conspiracy alleged in that count of the Indictment exist?  Was there such a conspiracy?

Second, for each **[OLUIGBO insert: "separate"]** count of the Indictment, the Government must prove beyond a reasonable doubt that the defendant you are considering knowingly became a member of the conspiracy charged; that is, that the defendant you are considering knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute,  possess with the intent to distribute, or import narcotics.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).
>
> Under Section 846, it is not necessary for the Government to allege or prove even one

-10-

overt act.  <u>See</u> <u>United</u> <u>States</u> v. <u>Shabani</u>, 115 S. Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); <u>United</u> <u>States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United</u> <u>States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir. 1978); <u>United</u> <u>States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975).

REQUEST NO. 8
Counts One Through Five:
Narcotics Conspiracy:
First Element - Existence of the Conspiracy

The first element you must consider is whether the alleged conspiracy in fact existed.  As I have explained, the gist, or essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.

Let's start with some general points about the law of conspiracy and the charges in the Indictment.  The essence of the crime of conspiracy is an agreement or understanding between two or more people to accomplish by joint action some unlawful purpose.  Thus, a conspiracy is sometimes referred to as a partnership in crime.  If a conspiracy exists, even if its purpose is not successful or ever carried out, it is punishable as a crime.  Indeed, you may find a defendant guilty of the crime of conspiracy to violate the narcotics laws even if you find that those laws in fact were never violated – in other words, even if the conspiracy was not successful.

To prove that a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is unusual that a conspiracy can be proven by direct evidence of an explicit written or oral

-12-

agreement.  **[ORUCHE: On the other hand, idle chat may not be taken as proof of the existence of a conspiracy.  For example, if 1,000 baseball fans are shouting "kill the ump" all together, this is not necessarily proof of a conspiracy to murder the umpire.]**

To show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, either explicitly or implicitly came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there have been unlawful agreements as alleged in the Indictment, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.  The old adage, "Actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is circumstantial, for instance, disconnected acts and conduct on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

So you must first determine whether or not the proof has established beyond a reasonable doubt the existence of each of the conspiracies charged in Counts One through Five of the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and such inferences as may be reasonably drawn from them.  It is

sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of the defendant you are considering and at least one other person met in an understanding to accomplish, by the means alleged, the objectives of the conspiracy.

The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve. Count One, which applies to Mr. Oruche only, and Count Three, which applies to both Mr. Oruche and Mr. Oluigbo, charge that the object of those particular conspiracies charged was to violate the narcotics laws by possessing with the intent to distribute or distributing heroin. Count Two, which applies to Mr. Oruche only, and Count Four, which applies to Mr. Oruche and Mr. Oluigbo, charge that the object of those two particular conspiracies was to violate the narcotics laws by importing heroin into the United States. Finally, Count Five, which applies to Mr. Oruche only, charges that the object of the particular conspiracy was to violate the narcotics laws by possessing with the intent to distribute or distributing cocaine.     As I have been speaking, I have used the terms "import," "distribute," and "possessing with the intent to distribute." What do those terms mean? I begin with the concept of "import."

<u>"Import"</u>

The term "import" has its common, everyday meaning, namely, to "bring" or "introduce" something into an area of the

-14-

United States.  To "import" a substance means to bring or transport a substance into the United States from some place outside the United States.  Since the defendants are charged with conspiring to import heroin, it is not necessary for you to find that they actually carried the heroin into the country or that others in the conspiracy succeeded in bringing the heroin into the country.

In order to satisfy the first element with respect to the **[OLUIGBO insert: "separate"]** conspiracies charged in Counts Two and Four of the Indictment, in summary, the Government must prove beyond a reasonable doubt that the defendant you are considering conspired to import heroin into the United States.

Next, I will define the terms "distribution" and "possession with intent to distribute" in connection with the objects charged in Counts One, Three, and Five.

<u>"Distribution"</u>

The word "distribution" means the actual, constructive or attempted transfer of a controlled substance.  "Distribution" includes delivering, passing or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person.  Distribution does not require a sale for money or other consideration.

<u>"Possession With Intent to Distribute"</u>

What does "possession with intent to distribute" mean? We begin with the concept of "possession."  The legal concept of possession may differ from the everyday usage of the term, so let

-15-

me explain it.  Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  If you find that a defendant had a physical object on his person, therefore, you may find that he had possession of it.  However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that object.  This is called "constructive possession."

Control over an object may be demonstrated by the existence of a relationship between one person having the power or ability to control the item, and another person who has actual physical custody.  The person having control "possesses" the object because he has an relationship with the people who have actual physical custody of the object and because he can direct the movement or transfer or disposition of the object.  In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained.  In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.  More than one person can have control over the same object.  The law also

-16-

recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.

That is what is meant by "possession."  In order to prove "possession with intent to distribute," the Government must prove beyond a reasonable doubt that it was a goal of the conspiracy to possess a controlled substance with a purpose to transfer it to another person.

I instruct you with respect to all counts of the Indictment that the purity of the narcotics involved is not an element of the crimes, so you need not be concerned with that. **[OLUIGBO: objects to the following sentence]**  Let me also instruct you that a defendant need not know the exact nature of the drug.  You need only find that the co-conspirators **[OLUIGBO: change "co-conspirators" to "defendants as relevant for the counts in which they are involved based on the Indictment"]** agreed either to import and export narcotics with respect to Counts Two and Four, and distribute <u>or</u> to possess with the intent to distribute <u>some</u> quantity of heroin for Courts One and Three, and distribute <u>or</u> to possess with the intent to distribute <u>some</u> quantity of cocaine for Count Five.

Again, with respect to Counts One, Three, and Five, if you find that the conspiracies alleged in each of those counts, if you have found one to exist, had the charged objectives –

-17-

namely, distribution of heroin (for Counts One and Three) and distribution of cocaine (for Count Five) or possession of heroin (for Counts One and Three) and possessing of cocaine (for Count Five) with intent to distribute it – the illegal purpose element will be satisfied. However, you must be unanimous as to the objective. That is, you all must be in agreement with respect to the object of the conspiracy.

> Adapted from the charge of Judge Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992), from the charge of Judge John M. Walker in United States v. Torres, 87 Cr. 593 (S.D.N.Y. 1988), aff'd, 901 F.2d 205 (2d Cir.), cert. denied, 498 U.S. 906 (1990), and from Sand, Modern Federal Jury Instructions, Instrs. 56-5, 56-7, 56-12, 56-13.

REQUEST NO. 9
Counts One Through Five:
Narcotics Conspiracy:
Second Element - Membership in the Conspiracy

If you conclude that the Government has proved beyond a reasonable doubt that any or all of the conspiracies charged in Counts One through Five did in fact exist, and that the particular conspiracy had as its object the illegal purpose of violating the narcotics laws as charged in the Indictment, you must then move forward and answer a second question: whether the defendant named in each count intentionally joined that particular conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant unlawfully, knowingly, and intentionally entered into the conspiracy with criminal intent – that is, with a purpose to violate the law - and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

**[OLUIGBO insert: "The terms "unlawfully," "intentionally," and "knowingly" are intended to ensure that you find that the defendant joined the conspiracy. You may not find the defendant guilty unless you also conclude beyond a reasonable doubt that in doing so, the defendant knew what he was doing."]**

Let me define the terms unlawfully, intentionally, and knowingly. "Unlawfully" simply means contrary to law. A defendant need not have known that he or she was breaking any

-19-

particular law.  Rather, a defendant need only have been aware of the generally unlawful nature of his or her acts.

An act is done "intentionally" and "knowingly" if it is done deliberately and purposefully.  That is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

Knowledge is a matter of inference from the proven facts.  Science has not yet devised a way of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts and communications alleged to have taken place by or with the defendants or in their presences.  The Government contends that these acts and conversations show beyond a reasonable doubt knowledge on the part of each of the defendants of the unlawful purposes of the charged conspiracy.  **[ORUCHE and OLUIGBO insert: "Defense contends that they do not."]**  EMMANUEL ORUCHE and JOSEPH OLUIGBO deny being members of the conspiracy in which they are charged.  It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt such knowledge and intent on the part of each defendant.

It is not necessary that a defendant be fully informed as to all the details of a conspiracy in order to justify an inference of **[ORUCHE & OLUIGBO: replace "justify an inference of" with "prove"]** knowledge on the defendant's part.  To have guilty knowledge, a defendant need not have known the full extent of the

conspiracy nor all of its activities or all of its participants.
It is not even necessary that the defendant know every other
member of the conspiracy.  In fact, a defendant may know only one
other member of the conspiracy and still be a co-conspirator.
Nor is it necessary that a defendant receive any monetary benefit
from participating in the conspiracy or have a financial stake in
the outcome, so long as the defendant in fact participated in the
conspiracy in the manner I have explained.

          The duration and extent of a defendant's participation
have no bearing on the issue of that defendant's guilt.  A
defendant need not have joined the conspiracy at the outset.  A
defendant may have joined it for any purpose at any time in its
progress, and the defendant may still be held responsible for all
that was done before the defendant joined and all that was done
during the conspiracy's existence while the defendant was a
member.  Each member of a conspiracy may perform separate and
distinct acts and may perform them at different times.  Some
conspirators play major roles, while others play minor roles in
the scheme.  An equal role is not what the law requires.  In
fact, even a single act may be sufficient to draw a particular
defendant within the ambit of the conspiracy.

          I want to caution you, however, that the mere
association by one person with another does not make that person
a member of the conspiracy, even when coupled with knowledge that
a conspiracy is taking place.  Mere presence at the scene of a
crime, even coupled with knowledge that a crime is taking place,

is not sufficient to support a conviction.  In other words, knowledge without **[OLUIGBO: insert "agreement and"]** participation is not sufficient.  What is necessary is that the defendant in question has participated in the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, each defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged in, advised, or assisted it for the purpose of furthering an illegal undertaking.  A defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator. **[ORUCHE and OLUIGBO: insert "If you do not so find, then the defendant is not a member of a conspiracy."]**

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members **[ORUCHE: replace "its members" with "a member"]**.  So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

**[OLUIGBO: objects to the following paragraph]**  In short, the Government must prove, beyond a reasonable doubt, that each defendant (a) was aware of the nature of the conspiracy and that the conspiracy extended beyond his individual role, and (b) agreed to facilitate or participate in the conduct of the affairs

-22-

of the charged conspiracy.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS) (S.D.N.Y. 1992), and from the
> charge of the Honorable Michael B. Mukasey in
> United States v. Bello, 91 Cr. 571 (MBM),
> aff'd mem., 990 F.2d 622 (2d Cir. 1993),
> **[OLUIGBO: insert "and from the charge of the
> Honorable William H. Pauley in United States
> v. Reyes, 07 Cr. 783 (WHP) (Apr. 9, 2008)]**and
> from Sand, Modern Federal Jury Instructions,
> Instr. 19-6.  See United States v. Rea, 958
> F.2d 1206, 1214 (2d Cir. 1992) ("The
> defendant's knowledge of the conspiracy and
> participation in it with the requisite
> criminal intent may be established through
> circumstantial evidence.  A defendant need
> not have joined a conspiracy at its inception
> in order to incur liability for the unlawful
> acts of the conspiracy committed both before
> and after he or she became a member.")
> (citations omitted).  See also United States
> v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d
> Cir.) (generally discussing proof required to
> show membership in conspiracy), cert. denied,
> 112 S. Ct.  347 (1991); and United States v.
> Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir.
> 1990) (same), cert. denied, 111 S. Ct. 2858
> (1991).

REQUEST NO. 10
Knowledge and Intent: Conscious Avoidance
*[If Applicable]*

I have just instructed you that the Government must prove beyond a reasonable doubt, first, that the defendant you are considering participated in one or both of the charged conspiracies, and second, that he did so with knowledge of, and in furtherance of, the unlawful purposes of the conspiracy you are considering.  Let me say one other thing about the knowledge element regarding the objectives or purposes of the conspiracies. In determining whether the defendant acted knowingly and intentionally regarding the objectives or purposes of each conspiracy, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

I would like to point out that the necessary knowledge on the part of the defendant regarding the object or objects of each conspiracy cannot be established by showing that he was careless, negligent, or foolish.  However, one may not wilfully and intentionally remain ignorant of a fact that is material and important to one's conduct in order to escape the consequences of criminal law.  Thus, if you find beyond a reasonable doubt that the defendant you are considering was aware that there was a high probability that he and his co-conspirators were possessing with the intent to distribute, distributing, or importing narcotics, but that the defendant deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge,

-24-

unless you find that the defendant actually believed that he and his co-conspirators were not attempting to possessing with the intent to distribute, distribute, or import narcotics.

I would also like to point out that this legal principle regarding the "deliberate closing of eyes" has no bearing on whether either conspiracy existed in the first place or even whether the defendant became a member of any conspiracy. Rather, if the Government proves beyond a reasonable doubt that any of the conspiracies existed <u>and</u> that the defendant you are considering became a member of the conspiracy, the Government may then prove that the defendant acted with knowledge of the illegal objectives or purposes by showing that he deliberately closed his eyes to what otherwise would have been obvious.

> Adapted from the charge in <u>United States</u> v. <u>Mang Sun Wong</u>, 884 F.2d 1537, 1541-43 (2d Cir. 1989) (expressly approving charge), <u>cert</u>. <u>denied</u>, 493 U.S. 1082 (1990).

> "A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant acts [<u>sic</u>], but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them." <u>United States</u> v. <u>Brito</u>, 907 F.2d 392, 396 (2d Cir. 1990). <u>See United States</u> v. <u>Rodriguez</u>, 983 F.2d 455, 457-58 (2d Cir. 1993) (clarifying when charge is appropriate: "[T]he charge is warranted only if the evidence is such that a rational juror may reach that conclusion beyond a reasonable doubt"). <u>See also United States</u> v. <u>Lanza</u>, 790 F.2d 1015, 1022 (2d Cir.) (same), <u>cert</u>. <u>denied</u>, 479 U.S. 861 (1986); <u>United States</u> v. <u>Guzman</u>, 754 F.2d 482, 489 (2d Cir. 1985) (same), <u>cert</u>. <u>denied</u>, 474 U.S. 1054 (1986).

**[OLUIGBO: Objects to this instruction in its entirety. However, if the Court should overrule Mr. Oluigbo's objection to this**

instruction, Mr. Oluigbo proposes the following alternative:

I have just instructed you that the Government must prove beyond a reasonable doubt, first, that the defendant you are considering participated in one or both of the charged conspiracies, and second, that he did so with knowledge of, and in furtherance of, the unlawful purposes of the conspiracy you are considering. Let me say one other thing about the knowledge element regarding the objectives or purposes of the conspiracies. In determining whether the defendant you are considering acted knowingly and intentionally regarding the objectives or purposes of each conspiracy, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious to him.

If you find beyond a reasonable doubt that the defendant you are considering acted with a conscious purpose to avoid learning the truth, then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken. If you find beyond a reasonable doubt that the defendant you are considering was aware that there was a high probability that he and his co-conspirators were possessing with the intent to distribute, distributing, or importing narcotics, and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly. However, if you find that the defendant actually believed that he and his co-conspirators were not possessing with the intent to

-26-

distribute, distributing, or importing narcotics, the defendant
may not be convicted.]

REQUEST NO. 11
Overt Acts

The Indictment also contains paragraphs for certain counts entitled "overt acts."  This section provides examples of conduct allegedly undertaken by alleged members of each of the conspiracies – including, for certain counts, EMMANUEL ORUCHE and JOSEPH OLUIGBO – to promote the illegal objectives of the conspiracy. **[OLUIGBO: The Court is respectfully requested to read the overt acts alleged in the Indictment.]**

It is not necessary for the Government to prove that the specified overt acts alleged were committed, so long as the Government proves, as I have explained, the existence of the conspiracies charged in Counts One through Five of the Indictment and that the defendant you are considering was a knowing and intentional member of any of the conspiracies.  Indeed, it is not necessary for the Government to allege or prove even one overt act on the part of the defendant or anyone else.

> As noted previously, under Section 846, it is not necessary for the Government to allege or prove even one overt act.  See United States v. Shabani, 115 S.Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

-28-

REQUEST NO. 12
Narcotics Conspiracy:
Special Interrogatory On Drug Quantity

If you find EMMANUEL ORUCHE or JOSEPH OLUIGBO guilty of the narcotics offenses in the Indictment, you will then be asked to determine whether that defendant was personally involved with, or whether it was reasonably foreseeable to him, that the narcotics offenses in any of Counts One through Four on which you have found the defendant guilty involved at least one kilogram of heroin, specified by the statutes and rules; and, if you have found Mr. Oruche guilty on Count Five, whether the narcotics offense in Count Five involved at least 500 grams of cocaine.  As you will see, you will be required to indicate on the verdict form for Counts One through Four, if you found a defendant guilty on any of those counts, whether the Government has established beyond a reasonable doubt that the defendant you are considering had personal involvement with or it was reasonably foreseeable to the defendant that these Counts involved: (a) 1 kilogram or more of heroin; (b) 100 grams or more, but less than 1 kilogram of heroin; or (c) less than 100 grams of heroin.  For Count Five, you will be required to indicate on the verdict form whether the Government has established beyond a reasonable doubt that EMMANUEL ORUCHE had personal involvement with or it was reasonably foreseeable to the defendant that Count Five involved: (a) 500 grams or more of cocaine; or (b) less than 500 grams of cocaine.

All of your findings regarding quantity must be

-29-

unanimous and must be reached beyond a reasonable doubt.

Adapted from the charge given in <u>United States</u> v. <u>Encarnacion</u>, 02 Cr. 1126 (RMB). <u>See also</u> <u>Apprendi</u> v. <u>New Jersey</u>, 120 S.Ct. 2348 (2000); <u>United States</u> v. <u>Thomas</u>, 274 F.3d 655 (2d Cir. 2001); <u>United States</u> v. <u>Martinez</u>, 987 F.2d 920, 922 (2d Cir. 1993) ("The late-entering co-conspirator should be sentenced on the basis of the full quantity of narcotics distributed by the conspiracy only if, when he joined the conspiracy, he could reasonably foresee the distributions of future amounts, or reasonably should have known what the past quantities were.").

REQUEST NO.13
Variance In Dates

As we have proceeded through the Indictment, you have noticed that it refers to various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

Adapted from the charge of Judge Barbara
Jones, in United States v. Larry Williams, 02
Cr. 1372 (BSJ).

REQUEST NO 14
Venue

Now, in addition to the elements of the offense I have described, you must also consider whether any act in furtherance of the crimes charged occurred within the Southern District of New York, which includes the Bronx and Manhattan. That means that you must decide whether the unlawful agreement, or any act committed to further or promote the scheme, occurred within the Southern District of New York.

On this issue -- and this issue alone -- the government must prove this connection with the Southern District of New York only by a preponderance of the evidence, not by beyond a reasonable doubt. This means that the government has satisfied its venue obligations if you find that it is more likely than not that any act in furtherance of the crimes charged occurred in the Southern District of New York.

If you find that the government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant.

Adapted from the charge of Judge William H. Pauley in United States v. Moises, 99 Cr. 711 (WHP).

REQUEST NO 15

Liability for Acts and
Declarations of Co-Conspirators

*[It had been standard practice in this District to give a charge, similar to that found in Judge Sand's treatise as Instruction 19-9, which invites the jury to consider whether declarations were in furtherance of the conspiracy. The Second Circuit has expressly disapproved such a charge, and the Government respectfully requests that the Court decline to give such a charge. See United States v. Mastropieri, 685 F.2d 776, 789-90 (2d Cir.) ("We therefore expect that trial judges in this circuit not only will shoulder the responsibility of making the determination of admissibility [of co-conspirator statements], but will hereafter refrain from giving the jury a 'second bite.'"), cert. denied, 459 U.S. 945 (1982).]*

-33-

REQUEST NO 16
Stipulations

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.


Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL), and from Judge Michael B. Mukasey in United States v. Miguel Alejandro Urena-Fana, S1 98 Cr. 1317 (MBM).

-34-

<u>REQUEST NO. 17</u>
<u>Defendant's Testimony</u>
[If any defendant testifies]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, [NAME] did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. **[ORUCHE & OLUIGBO: objects to "with an interest in the outcome of this case.]**

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 4-7; <u>cited approvingly</u> in <u>United States</u> v. <u>Gaines</u>, 457 F.3d 238 (2d Cir. 2006).

-35-

REQUEST NO. 18
Defendant's Right Not To Testify
[If requested by the defense]

The defendants did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent **[ORUCHE: not guilty]**.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because he or she did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-21, and from the charge of Judge Gerard E. Lynch in United States v. Edwin Diaz, 99 Cr. 1193 (GEL).

-36-

REQUEST NO. 19
Particular Investigative Techniques Not Required
[If applicable]

**[OLUIGBO: objects to this instruction in its entirety]**

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.


Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

-37-

REQUEST NO. 20
Uncalled Witnesses – Equally Available To Both Sides
[If applicable]

**[OLUIGBO: objects to this instruction in its entirety]**

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

REQUEST NO. 21
Expert Testimony
[If applicable]

You have heard testimony from what we call expert witnesses.  Expert witnesses are witnesses who, by education or experience, have acquired learning in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching your independent decision on the facts.

Your role in judging credibility applies to **[OLUIGBO: insert "so-called"]** experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her

-39-

conclusions, you would be justified in placing reliance on the expert's testimony. **[OLUGIBO: You must not, of course, accept a witness's testimony simply because he or she is presented as an expert, nor should you allow the testimony of a supposed expert to substitute for your own reason, judgment, and common sense.]**

> Adapted from the charges of Judge Gerard E. Lynch in <u>United States</u> v. <u>Frank Summa</u>, 02 Cr. 101 (GEL); and from Judge John F. Keenan in <u>United States</u> v. <u>David Rosario</u>, 96 Cr. 126 (JFK); and from Judge Michael B. Mukasey in <u>United States</u> v. <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991); and from Judge William H. Pauley in <u>United States</u> v. <u>DeJesus</u>, 06 Cr. 12 (WHP) (June 20, 2006); and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-21.

REQUEST NO. 22
Accomplice Testimony

**[OLUIGBO: Throughout this instruction, replace "accomplice testimony" and "accomplice witness" with "cooperator testimony" and "cooperating witness]**.  You have heard from witness[es] who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplice witness[es] in the summations of counsel and about whether you should believe them.

**[ORUCHE: Objects to the following paragraph]** Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute **[ORUCHE: alleged]** wrongdoers.

You may properly consider the testimony of such accomplices.  **[ORUCHE and OLUIGBO: Object to the following sentence]**  If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

-41-

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution.  The fact that a witness is an accomplice can be considered by you as bearing upon his or her credibility.  It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You heard testimony about various agreements between the Government and the witnesses.  I caution you that it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.  **[OLUIGBO: insert "However, you may consider the effect of those agreements in evaluating a cooperating witness's testimony."]**

-42-

**[ORUCHE: objects to the following paragraph].**  In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth.  **[OLUIGBO: insert "Did the witness have an incentive to lie to give himself or herself the opportunity to become a cooperator?"]**  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you may reject it.  However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you may accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it.  That is a determination entirely for you.

Adapted from the charge of Judge Gerard E.

-43-

Lynch in <u>United States</u> v. <u>Michael Jones</u>, 02 Cr. 674 (GEL). **[OLUIGBO: insert "and frmo the charge of Judge William H. Pauley in United States v. Reyes, 07 Cr. 783 (WHP) (Apr. 9, 2008)"].** <u>See also</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-5.

REQUEST NO. 23
Accomplice Testimony – Guilty Plea

You have heard testimony from Government witness[es] who have pleaded guilty to charges arising out of the same facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that one or more prosecution witnesses pleaded guilty to similar charges. The decision of those witnesses to plead guilty was a personal decision those witnesses made about their own guilt **[ORUCHE and OLUIGBO: object to "about their own guilt"]**. It may not be used by you in any way as evidence against or unfavorable to the defendants on trial here.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-10. See United States v. Ramirez, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).

-45-

REQUEST NO. 24
Preparation of Witnesses

**[OLUIGBO: objects to this instruction in its entirety]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL); and the charge of Judge William H. Pauley III in United States v. Mohammed Fares, S1 01 Cr. 1175 (WHP).

-46-

REQUEST NO. 25
Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case, or may not be credible for other reasons.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.


Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16, and from the charge of Judge Gerard E. Lynch in United States v. Keith Robinson, 02 Cr. 1283 (GEL).

-47-

<u>REQUEST NO. 26</u>
<u>Statements of Defendant</u>

There has been evidence that EMMANUEL ORUCHE and JOSEPH OLUIGBO made certain statements to law enforcement after their arrest.

In deciding what weight to give the defendants' statements, you should first examine with great care whether the statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statement such weight as you feel it deserves in light of all the evidence.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-19 and - with respect to the third paragraph - the charge of Hon. Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

REQUEST NO. 27
Consciousness of Guilt from Coercion of a Witness

[ORUCHE and OLUIGBO: objects to this instruction in its entirety, but if the Court gives it, ORUCHE would replace the word "coerce" with the word "influence"] You have heard evidence that EMMANUEL ORUCHE attempted to coerce a witness whom he believed might be called by the government against him. EMMANUEL ORUCHE is not on trial for those charges and you may not consider the evidence as a substitute for proof of guilt in this case.

However, if you find that EMMANUEL ORUCHE did attempt to coerce a witness whom he believed the government was going to call, you may, but are not required to, infer that EMMANUEL ORUCHE believed that he was guilty of the crime for which he is here charged.

Whether or not evidence of EMMANUEL ORUCHE's coercion of a witness shows that EMMANUEL ORUCHE believed that he was guilty of the crime for which he is now charged and the significance, if any, to be given to such evidence, is for you, the jury, to decide.

> Adapted from Sand, Instr. 6-16 and from legal principles set forth in United States v. Roldan-Zapata, 916 F.2d 795, 803-04 (2d Cir. 1990); United States v. Alberti, 470 F.2d 878, 882 (2d Cir. 1973) ("Evidence of conduct designed to impede or prevent a witness from testifying is admissible as showing consciousness of guilt . . . .'") (quoting United States v. Cirillo, 468 F.2d 1233, 1240 (2d Cir. 1972)).

-49-

REQUEST NO. 28
Use Of Recordings and Transcripts

Audio recordings of telephone conversations and transcripts of those recordings have been admitted into evidence. Whether you approve or disapprove of the recording of those conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of each of the defendants.

In connection with these recordings, you heard testimony that portions of the conversations were in a foreign language. For that reason, it was necessary for the Government [and defendants, if applicable] to obtain translations of those conversations into English. The transcripts of those conversations embody the testimony of the interpreter called by the Government [or the defendants, if applicable] to testify. These transcripts were admitted into evidence. To the extent that you accept or reject the testimony of that interpreter, you may accept or reject the transcripts themselves of the foreign language conversations.

**(In the alternative, if applicable:)**

-50-

[The transcripts of those conversations were the subject of a stipulation which was read to you during trial. In the stipulation, the parties agreed that the transcripts contained accurate English translations of the foreign language conversations. You should therefore consider the translations as you would any other evidence in the case, and give them the weight you deem appropriate as the finder of the facts.]

If you wish to hear any of the tapes again, or see any of the transcripts, they will be made available to you during your deliberations.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995). See United States v. Ulerio, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); United States v. Vasquez, 605 F.2d 1269, 1272 & n.4 (2d Cir.) (proper to play Spanish language tapes and to provide translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder), cert. denied, 444 U.S. 981 (1979); United States v. Llinas, 603 F.2d 506, 508-09 (5th Cir. 1979) (transcripts embody testimony of interpreter; proper to provide transcripts to jury because interpreter available to testify to accuracy), cert. denied, 444 U.S. 1079 (1980).

<u>REQUEST NO. 29</u>
<u>Redaction Of Evidentiary Items</u>
[If applicable]

We have, among the exhibits received in evidence, some documents that are redacted.  "Redacted" means that part of the document or tape was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

-52-

REQUEST NO. 30
Use Of Charts And Tables
[If applicable]

            Now, some of the exhibits were charts.  These charts
were introduced basically as summaries.  They are not direct
evidence really.  They are summaries of the evidence.  They are a
visual representation of information or data as set forth either
in the testimony of a witness or in a stipulation or in some
documents.  They are admitted as aids to you.  They are not in
and of themselves any evidence.  They are intended to be of
assistance to you in your deliberations.

            In presenting the evidence which you have heard, it is
often easier and more convenient to utilize summary charts than
to place all of the relevant documents in front of you.  It is up
to you to decide whether those charts fairly and correctly
present the information in the testimony and the documents.  The
charts are not to be considered by you as direct proof of
anything.  They are merely graphic demonstrations of what the
underlying testimony and documents are.

            To the extent that the charts conform with what you
determine the underlying evidence to be, you may accept them.
But one way or the other, realize that the charts are not in and
of themselves direct evidence.  They are merely visual aids.
They are nothing more.


            From the charge of Judge Gerard E. Lynch in
            United States v. Frank Summa, 02 Cr. 101
            (GEL).

-53-

REQUEST NO. 31
Character Witnesses
[If any defendant calls character witnesses]


During the trial, you heard testimony bearing on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining whether the defendant is guilty or not guilty.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if, on considering all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.


Adapted from United States v. Fayette, 388 F.2d 728, 737 (2d Cir. 1968).  See United States v. Kelly, 349 F.2d 720, 765 (2d Cir.) cert. denied, 384 U.S. 947 (1966); United States v. Kabot, 295 F.2d 848, 855 n.1 (2d Cir. 1961).


The testimony of a character witness is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty.  Whether a defendant is guilty or not guilty is for you alone to determine and that should be based on all the evidence you have heard in the case.


-54-

Adapted from the charge of Judge Robert J.
Ward in <u>United States</u> v. <u>Thweatt</u>, 77 Cr. 553
(S.D.N.Y. Oct. 17, 1977).

REQUEST NO. 32
Similar Acts
[If Applicable]

You have heard evidence that on an earlier occasion, the defendant engaged in conduct similar in nature to the conduct charged in the Indictment.  Let me remind you that the defendant only is on trial for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that a defendant committed the crime charged.  Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character. This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

**[ORUCHE: Objects to the following two paragraphs]**  If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendant engaged in similar acts with other persons alleged to be members of the conspiracy charged in the Indictment, you may consider those acts in deciding whether the conspiracy existed.  If you find that the defendant engaged in the earlier acts, and if you find that the earlier acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the acts charged in this Indictment and the earlier conduct

-56-

were part of a common plan or scheme committed by the defendant you are considering.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues. You may not consider such evidence for any other purpose. Specifically, you may not consider it as evidence that the defendant you are considering is of bad character or has a propensity to commit crime.

Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions, Instr. 5-25, 5-26.

**[OLUIGBO: objects to this instruction in its entirety. However, if the Court should overrule Mr. Oluigbo's objection to this instruction, Mr. Oluigbo proposes the following alternative:**

**You have heard testimony about the defendant's [or, if applicable, the defendants'] conduct from time periods outside those referred to in the Indictment. The conduct alleged in the Indictment occurred in December 2003 for Counts One and Two against Mr. Oruche, in 2006 for Counts Three and Four against Mr. Oruche and Mr. Oluigbo, and in December 2006 in Count Five against Mr. Oruche. I must remind you that the defendants are not on trial for committing any acts not alleged in the Indictment. Accordingly, you may not consider any conduct you find that any of the defendants engaged in during any part of 2005 as a substitute for proof that the defendant committed the crimes charged.**

**Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.**

REQUEST NO. 33
Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the Government or any defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.


Adapted from the charge of Judge Lewis A. Kaplan in United States v. Otis Parkes, 03 Cr. 1364 (LAK).

-58-

REQUEST NO. 34
Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of each defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching an agreement. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without prejudice or favor for any party, and adopt the conclusions which in your good conscience appear to be in accordance with the truth. Again, your verdict must be unanimous. But you are not bound to surrender your honest conviction as to the weight or effect of evidence, solely because

-59-

of the opinion of your fellow jurors.  No juror should surrender conscientiously held beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, Ladies and Gentlemen, I am sure that, if you listen to the views of your fellow jurors and apply your own

common sense, you will reach a fair verdict.


           Adapted from the charge of Judge Gerard E.
           Lynch in <u>United States</u> v. <u>Desmond Shaw</u>, 03
           Cr. 1210 (GEL).


Dated:     New York, New York
           June 2, 2008

                    Respectfully submitted,

                    MICHAEL J. GARCIA

                    United States Attorney
                    Southern District of New York


           By:    /s Michael M. Rosensaft
                    Michael M. Rosensaft
                    Virginia Chavez Romano
                    Assistant United States Attorneys


           By:    /s Martin R. Stolar
                    Martin R. Stolar, Esq.
                    Attorney for Defendant
                    EMMANUEL ORUCHE


           By:    /s Andrew Ceresney
                    Andrew Ceresney, Esq.
                    Attorney for Defendant
                    JOSEPH OLUIGBO